OPINION
{¶ 1} This matter is submitted to this court on the record and the briefs of the parties. Appellant, Jay R. Vernon, appeals the judgment entered by the Lake County Court of Common Pleas. The trial court denied Vernon's motion to withdraw his guilty plea.
 {¶ 2} In July 1995, Vernon confessed to having sexual intercourse with a twelve-year-old girl. As a result, Vernon was indicted with one count of rape in violation of R.C. 2907.02. Vernon initially pled not guilty to this charge.
 {¶ 3} In October 1995, Vernon withdrew his plea of not guilty and pled guilty to the rape charge. A change of plea hearing was held. Therein, the trial court ascertained from Vernon that he understood the rights he was waiving by entering a guilty plea. Vernon signed a written plea of guilty.
 {¶ 4} In November 1995, a sentencing hearing was held. At this hearing, Vernon stated he did commit the acts in question, but he did not realize they were against the law. Later in the hearing, the assistant prosecutor informed the trial court that the state's recommendation as part of the plea bargain was for a sentence of five to twenty-five years. She immediately noted that the defense attorney corrected her and the recommendation was for a sentence of six to twenty-five years. The trial court sentenced Vernon to a term of six to twenty-five years in prison.
 {¶ 5} Five years later, in March 2001, Vernon filed a motion to withdraw his guilty plea pursuant to Crim.R. 32.1. The state filed an objection to this motion. The trial court denied Vernon's motion, prior to Vernon filing his reply brief. Vernon appealed the trial court's judgment to this court. This court reversed the trial court's judgment, due to the trial court's failure to consider Vernon's reply brief.[1]
The matter was remanded to the trial court to reconsider Vernon's motion to withdraw his guilty plea.[2]
 {¶ 6} On remand, the trial court denied Vernon's motion to withdraw his guilty plea. The trial court did not hold an evidentiary hearing. In its judgment entry, the court indicated that it had considered Vernon's motion, the state's response, and Vernon's reply brief.
 {¶ 7} Vernon raises two assignments of error. His first assignment of error is:
 {¶ 8} "Whether the sentencing court abused its discretion in denying appellant's Crim.R. 32.1 motion without conducting an evidentiary hearing."
 {¶ 9} Crim.R. 32.1 provides a means for a criminal defendant to withdraw a guilty plea and states, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct a manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The burden is on the defendant to show the existence of the alleged manifest injustice.[3]
 {¶ 10} An appellate court is limited in its review of a trial court's decision regarding a motion to withdraw a guilty plea to determining whether the trial court abused its discretion.[4] The term "abuse of discretion" implies that the court's decision was arbitrary, unreasonable, or unconscionable.[5]
 {¶ 11} The hearing on the change of plea does not demonstrate that a manifest injustice has occurred. Rather, a review of the transcript of this hearing reveals that the trial court meticulously went over the rights Vernon was waiving by entering a guilty plea. In addition, the trial court ensured that Vernon understood that he was waiving these rights. Finally, the trial court asked Vernon if anyone had promised him anything with respect to what his sentence would be, to which Vernon responded in the negative.
 {¶ 12} Vernon also signed a written plea of guilty. This form indicates that Vernon understood that he was waiving his constitutional rights by entering the guilty plea.
 {¶ 13} At the sentencing hearing, Vernon reaffirmed his acquiescence to the guilty plea. Vernon admitted that he committed the act, but stated that he did not know it was against the law. He apologized to the victim's mother. At no time during this hearing did Vernon, or his attorney, attempt to retract his guilty plea or indicate that the guilty plea was not knowingly and voluntarily entered into.
 {¶ 14} We note that Vernon filed his motion to withdraw his guilty plea over five years after he was sentenced. "An undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion."[6] This court has held that where an alleged misunderstanding would become apparent at the sentencing hearing, the fact that a defendant waited nearly six years to file a motion to withdraw his guilty plea weighs heavily against granting the movant's motion.[7] In Gibbs,
the defendant filed a motion to withdraw his guilty plea nearly six years after he was sentenced, wherein he claimed he only pled guilty because he had the understanding that he was eligible for probation.[8] This court held that the defendant would have known that he was not going to get probation from the moment he was sentenced to prison.[9] Similarly, in the case sub judice, if Vernon's claim that his attorney increased the recommended sentence from five to twenty-five years to six to twenty-five years was valid, he would have been aware of this misrepresentation at the time of sentencing. Therefore, the fact he waited nearly five-and-a-half years from the time he was sentenced to file his motion to withdraw his guilty plea weighs heavily against his credibility.
 {¶ 15} Vernon did not meet his burden to show that a manifest injustice occurred necessitating the withdrawal of his guilty plea. Vernon's actions throughout the case consistently support a finding that he knowingly and voluntarily entered his guilty plea. Vernon confessed to the crime, was advised of the rights he was waiving by entering a guilty plea in open court, signed a written guilty plea, again admitted to the crime at the sentencing hearing, did not attempt to retract his guilty plea at the sentencing hearing, and waited nearly five-and-a-half years to file his motion to withdraw his guilty plea. The trial court did not abuse its discretion by denying Vernon's motion to withdraw his guilty plea.
 {¶ 16} Finally, Vernon also asserts the trial court erred by denying his motion without holding an evidentiary hearing. We disagree.
 {¶ 17} A trial court is required to conduct a hearing on a motion to withdraw a guilty plea that is filed before sentencing.[10]
However, this requirement does not apply to motions filed after sentencing.[11] Rather, "a hearing is only required if the facts alleged by the defendant and accepted as true would require the trial court to permit withdrawal of the plea."[12]
 {¶ 18} The trial court was not required to hold a hearing. Vernon's motion, accepted on its face, did not demonstrate a manifest injustice warranting the granting of Vernon's motion to withdraw his guilty plea. Thus, the trial court did not err by denying the motion without a hearing.
 {¶ 19} Vernon's first assignment of error is without merit.
 {¶ 20} Vernon's second assignment of error is:
 {¶ 21} "Whether appellant was denied effective assistance of trial counsel in violation of Article I, Section 16, Article I, Section 10, and Article IV, Section 5(B) of the Constitution of the State of Ohio, and the Sixth and Fourteenth Amendments of the Constitution of the United States."
 {¶ 22} Vernon alleges that he was denied the effective assistance of counsel. Specifically, he cites his counsel's performance at the sentencing hearing, when his counsel corrected the assistant prosecutor after she stated the recommended sentence was five to twenty-five years. After making the first statement, the assistant prosecutor indicated that she had been corrected by defense counsel, and the recommended sentence was actually six to twenty-five years.
 {¶ 23} In State v. Bradley, the Supreme Court of Ohio adopted the following test to determine if counsel's performance is ineffective: "[c]ounsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation, and, in addition, prejudice arises from counsel's performance."[13]
 {¶ 24} In addition, this court has held, "in order to establish ineffective assistance of counsel at a guilty plea hearing, the defendant must show that, but for counsel's errors, there was a reasonable probability that they would not have pled guilty to the offense."[14]
 {¶ 25} Vernon has not demonstrated that his counsel's performance was deficient. Although Vernon alleges that the initial plea agreement called for a recommended sentence of five to twenty-five years, there is nothing in the record to support this contention.
 {¶ 26} In 1998, Vernon filed a motion for reconsideration after the trial court denied his motion for postconviction relief. Attached to this motion was a signed affidavit from Vernon. Therein, he swears that when he entered into the guilty plea, it was his understanding that the sentence would be a six-year fixed term, rather than an indefinite sentence of six to twenty-five years. This affidavit refutes Vernon's current claims that the parties agreed to a sentence recommendation of five to twenty-five years. The affidavit shows that Vernon was aware that a six-year term was discussed.
 {¶ 27} Even if Vernon was able to demonstrate that his counsel's performance was deficient, his claim would still fail, because he has not shown prejudice. Specifically, he has not demonstrated that he would not have entered a guilty plea without counsel's alleged sub par performance. At the guilty plea hearing, Vernon was informed that the prison term would be five to ten years, as a minimum, and up to twenty-five years, as a maximum. In addition, he specifically stated that no one had promised him anything in regard to what the sentence from the court would be.
 {¶ 28} Further, as discussed in our analysis of Vernon's first assignment of error, the trial court ensured that Vernon understood the rights he was waiving by entering a guilty plea, Vernon signed a written plea of guilty, Vernon did not attempt to retract his guilty plea at the sentencing hearing, and Vernon did not file a motion to withdraw his guilty plea until five-and-a-half years after entering it.
 {¶ 29} Vernon has not met either of the prongs of the Strickland
test to support a finding of ineffective assistance of counsel. Vernon's second assignment of error is without merit.
 {¶ 30} The judgment of the trial court is affirmed.
Judgment affirmed.
DONALD R. FORD, P.J., and CYNTHIA WESTCOTT RICE, J., concur.
[1] See State v. Vernon, 11th Dist. No. 2001-L-102, 2002-Ohio-5153.
[2] Id.
[3] State v. Smith (1977), 49 Ohio St.2d 261, paragraph one of the syllabus.
[4] (Citations omitted.) State v. Gibbs (June 9, 2000), 11th Dist. No. 98-T-0190, 2000 Ohio App. LEXIS 2526, at *6-7.
[5] State v. Adams (1980), 62 Ohio St.2d 151, 157-158.
[6] State v. Smith, 49 Ohio St.2d 261, at paragraph three of the syllabus.
[7] State v. Gibbs, supra, at *16.
[8] Id.
[9] Id. at *15.
[10] State v. Xie (1992), 62 Ohio St.3d 521, paragraph one of the syllabus.
[11] State v. Whiteman, 11th Dist. No. 2001-P-0096, 2003-Ohio-2229, at ¶ 19, citing State v. Kerns (July 14, 2000), 11th Dist. No. 99-T-0106, 2000 Ohio App. LEXIS 3202, at *5-6.
[12] Id.
[13] State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus, adopting the test set forth in Strickland v. Washington
(1984), 466 U.S. 668.
[14] State v. Gibson, 2001-T-0094, 2002-Ohio-3153, at ¶ 19, citingState v. Kerns (July 14, 2000), 11th Dist. No. 99-T-0106, 2000 Ohio App. LEXIS 3202, at *7.