OPINION
{¶ 1} Appellant, Jay R. Vernon ("Vernon"), appeals the March 5, 2004 judgment entry of the Lake County Court of Common Pleas, denying his Crim.R. 32.1 motion to withdraw a guilty plea. For the following reasons, we affirm the decision of the court below.
 {¶ 2} On October 3, 1995, Vernon pled guilty to one count of Rape, a felony of the first degree in violation of R.C. 2907.02. On November 13, 1995, the court sentenced Vernon to serve an indefinite term of incarceration of six to twenty-five years, which Vernon is currently serving at the Marion Correctional Institution.
 {¶ 3} In State v. Vernon (Feb. 26, 1999), 11th Dist. No. 97-L-184, 1999 Ohio App. LEXIS 697, Vernon appealed and challenged the constitutionality of R.C. Chapter 2950, Ohio's sex offender registration law. The Ohio Supreme Court reversed this court and upheld the constitutionality of R.C. Chapter 2950 inIn re Sex Offender Registration Cases (2000), 89 Ohio St.3d 59.
 {¶ 4} In State v. Vernon (Mar. 31, 2000), 11th Dist. No. 99-L-006, 2000 Ohio App. LEXIS 1399, Vernon unsuccessfully appealed and argued that the trial court's November 13, 1995 sentencing entry did not constitute a valid judgment of conviction and sentence because it was captioned as a journal entry, rather than a judgment entry.
 {¶ 5} In March 2001, Vernon filed a Crim.R. 32.1 motion to withdraw his guilty plea on the grounds that trial counsel had increased the recommended sentence from five to twenty-five years to six to twenty-five years. In State v. Vernon, 11th Dist. No. 2001-L-102, 2002-Ohio-5153, and State v. Vernon, 11th Dist. No. 2002-L-182, Vernon appealed various aspects of the trial court's denial of his motion. This court ultimately affirmed the trial court, stating that "Vernon's actions throughout the case consistently support a finding that he knowingly and voluntarily entered his guilty plea." 2003-Ohio-6408, at ¶ 15.
 {¶ 6} On December 31, 2003, Vernon filed a second Crim.R. 32.1 motion to withdraw his guilty plea. The trial court denied Vernon's motion on March 5, 2004. Vernon timely appeals raising the following assignment of error: "The trial court erred in denying appellant's motion to withdraw his guilty plea."
 {¶ 7} Criminal Rule 32.1 provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The phrase "manifest injustice" has been "variously defined," however, "it is clear that under such standard, a postsentence withdrawal motion is allowable only in extraordinary cases." State v. Smith (1977),49 Ohio St.2d 261, 264 (citation omitted); cf. Black's Law Dictionary (8 Ed. 2004) 982 ("An error in the trial court that is direct, obvious, and observable, such as a defendant's guilty plea that is involuntary or that is based on a plea agreement that the prosecution rescinds."). The burden of establishing the existence of manifest injustice is on the movant. Id. at paragraph one of the syllabus. "A motion made pursuant to Crim. R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." Id. at paragraph two of the syllabus.
 {¶ 8} The manifest injustice on which Vernon bases his current motion to withdraw concerns his eligibility for parole. At the time of Vernon's plea and sentence, "[a] prisoner serving a sentence of imprisonment for a felony for which an indefinite term of imprisonment is imposed becomes eligible for parole at the expiration of his minimum term." Former R.C.2967.13(A).[1] Under former R.C. 2967.13(A), Vernon would have been eligible for parole after serving six years of his indefinite sentence.
 {¶ 9} On March 1, 1998, the Ohio Adult Parole Authority ("Parole Authority") adopted new parole guidelines. Under the new guidelines, a prisoner is assigned an "applicable guideline range," indicating the range of months an inmate must serve before being released. This range is determined by a consideration of the seriousness of the prisoner's crime and the prisoner's risk of recidivism. See Layne v. Ohio Adult ParoleAuth., 97 Ohio St.3d 456, 2002-Ohio-6719, at ¶ 2. In June 1999, the Parole Authority determined Vernon's guideline range to be between 150 and 210 months, or between twelve and a half years and seventeen and a half years.
 {¶ 10} Vernon argues that eligibility for parole after six years was a "necessarily implied" condition of the plea agreement, which was violated by the Parole Authority's revision of the date Vernon would become eligible for parole under the new guidelines. The subsequent change in Vernon's parole eligibility, Vernon argues, renders his plea of guilty unknowing and involuntary. We disagree.
 {¶ 11} Initially, we note that Vernon's plea was not given in exchange for any particular consideration in sentencing. At the October 1995 change of plea hearing, the trial judge asked Vernon, "Has anybody promised you anything as far as what your sentence may be from me?" Vernon responded, "No." Therefore, Vernon cannot credibly claim that his plea was entered in the expectation of being eligible for parole in six years. As we have previously stated, there is nothing in the record to support the contention that Vernon's plea was given in exchange for a recommended sentence. Vernon, 2003-Ohio-6408, at ¶ 25.
 {¶ 12} Additionally, this court has repeatedly held that a motion to withdraw a plea is not the proper remedy to address the alleged unjust or unconstitutional application of the Parole Authority's 1998 revision to the eligibility guidelines. Statev. Bush, 11th Dist. No. 2004-T-0003, 2005-Ohio-1898, at ¶ 32, citing Hattie v. Anderson, 68 Ohio St.3d 232, 235 ("[a] declaratory judgment is the proper remedy to determine the constitutionality or constitutional application of parole guidelines"); State v. Hall, 11th Dist. No. 2003-T-0114, 2004-Ohio 6471, at ¶ 54.
 {¶ 13} For the foregoing reasons, the trial court did not abuse its discretion in denying Vernon's motion to withdraw his plea as Vernon has failed to demonstrate a manifest injustice. Vernon's sole assignment of error is without merit. The judgment of the Lake County Court of Common Pleas is affirmed.
O'Neill, J., O'Toole, J., concur.
[1] A prisoner could become eligible for parole prior to the expiration of his minimum term for "good time" as provided in former R.C. 2967.19.