OPINION
{¶ 1} Appellant, Jay Vernon, appeals the judgment entered by the Lake County Court of Common Pleas. The trial court denied Vernon's third postsentence motion to withdraw his guilty plea.
 {¶ 2} In July 1995, Vernon confessed to engaging in sexual conduct with a 12-year-old girl. As a result, Vernon was indicted with one count of rape in violation of R.C. 2907.02. Vernon initially pled not guilty to this charge. *Page 2 
 {¶ 3} In October 1995, Vernon withdrew his plea of not guilty and pled guilty to the rape charge. A change of plea hearing was held. Therein, the trial court ascertained from Vernon that he understood the rights he was waiving by entering a guilty plea. Vernon signed a written plea of guilty.
 {¶ 4} In November 1995, a sentencing hearing was held. At this hearing, Vernon stated he did commit the acts in question, but he did not realize they were against the law. Later in the hearing, the assistant prosecutor informed the trial court that the state's recommendation as part of the plea bargain was for a sentence of six to 25 years. The trial court sentenced Vernon to a term of six to 25 years in prison. Vernon did not file a direct appeal relating to the trial court's judgment entry of sentence.
 {¶ 5} In 1997, Vernon filed a motion to dismiss the sex offender proceedings initiated by the state. The trial court granted Vernon's motion, and the state appealed the judgment to this court. This court affirmed the judgment of the trial court. State v. Vernon, 11th Dist. No. 97-L-184, 1999 Ohio App. LEXIS 697. The Supreme Court of Ohio reversed this court's decision and remanded the matter to the trial court. In re Sex Offender Registration Cases (2000), 89 Ohio St.3d 59,60.
 {¶ 6} In August 1998, Vernon filed a motion to enter judgment pursuant to Crim.R. 32(B), wherein he asserted that the trial court's sentencing entry was defective because it was captioned "journal entry" rather than "judgment entry." The trial court denied Vernon's motion and noted that it had issued a nunc pro tunc judgment entry correcting the error. This court affirmed the trial court's judgment entry denying Vernon's motion to enter judgment. State v. Vernon, 11th Dist. No. 99-L-006, 2000 Ohio App. LEXIS 1399. *Page 3 
 {¶ 7} In March 2001, Vernon filed a motion to withdraw his guilty plea pursuant to Crim.R. 32.1. This motion was based on Vernon's argument that the state breached the plea agreement by recommending a sentence of six to 25 years instead of a sentence of five to 25 years. The state filed an objection to this motion. The trial court denied Vernon's motion, prior to Vernon filing his reply brief. Vernon appealed the trial court's judgment to this court. This court reversed the trial court's judgment, due to the trial court's failure to consider Vernon's reply brief. See State v. Vernon, 11th Dist. No. 2001-L-102, 2002-Ohio-5153. The matter was remanded to the trial court to reconsider Vernon's motion to withdraw his guilty plea. Id.
 {¶ 8} On remand, the trial court denied Vernon's motion to withdraw his guilty plea. The trial court did not hold an evidentiary hearing. In its judgment entry, the court indicated that it had considered Vernon's motion, the state's response, and Vernon's reply brief. Vernon again appealed the trial court's judgment entry denying his motion to withdraw his guilty plea. This court affirmed the trial court's judgment entry denying Vernon's motion to withdraw his guilty plea. State v.Vernon, 11th Dist. No. 2002-L-182, 2003-Ohio-6408, at ¶ 30.
 {¶ 9} In December 2003, Vernon filed a second motion to withdraw his guilty plea. In this motion, he argued that he should be eligible for parole after six years, rather than the range of 150 to 210 months, as determined by the Ohio Adult Parole Authority. State v. Vernon, 11th Dist. No. 2004-L-055, 2005-Ohio-3894, at ¶ 9-10. The trial court denied this motion. Following an appeal by Vernon, this court affirmed the judgment of the trial court, holding that Vernon had not demonstrated a manifest injustice to withdraw his guilty plea as is required by Crim.R. 32.1. Id. at ¶ 13. *Page 4 
 {¶ 10} In November 2005, Vernon filed a motion to dismiss the sex offender proceedings against him. The trial court denied Vernon's motion to dismiss the sex offender proceedings. Vernon appealed the trial court's judgment to this court. This court dismissed the appeal for lack of a final, appealable order. State v. Vernon, 11th Dist. No. 2006-L-007, 2006-Ohio-2151, at ¶ 4.
 {¶ 11} In May 2006, Vernon filed a third motion to withdraw his guilty plea. The basis of this motion was that the state breached the plea agreement by initiating sex offender proceedings against him pursuant to the revised version of R.C. 2950.09. The trial court denied this motion. Vernon has appealed the trial court's judgment, resulting in the instant action. In October 2006, this court remanded the matter to the trial court for 30 days to allow the trial court to conduct a sex offender hearing.
 {¶ 12} In October 2006, Vernon filed a motion for relief from judgment. In this motion, Vernon sought relief from the trial court's judgment entry denying his third motion to withdraw his guilty plea. The state filed its response to this motion on October 18, 2006. The trial court denied Vernon's motion for relief from judgment on October 19, 2006, prior to Vernon's reply brief being filed. Vernon has appealed the trial court's judgment entry denying is motion for relief from judgment to this court. Our opinion in that matter is also released today.State v. Vernon, 11th Dist. No. 2006-L-240.
 {¶ 13} Vernon raises two assignments of error of error. His first assignment of error is:
 {¶ 14} "Appellant's previous Crim.R. 32.1 motions do not engage a res judicata bar against raising the claim presented in the current motion."
 {¶ 15} The Supreme Court of Ohio has held: *Page 5 
 {¶ 16} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." State v. Szefcyk (1996), 77 Ohio St.3d 93, syllabus, following State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus.
 {¶ 17} Further, "a criminal defendant cannot raise any issue in a postsentence motion to withdraw a guilty plea that was or could have been raised at trial or on direct appeal." (Citations omitted.)State v. Brown, 167 Ohio App.3d 239, 2006-Ohio-3266, at ¶ 7.
 {¶ 18} In his third Crim.R. 32.1 motion to withdraw his guilty plea, Vernon argued that his guilty plea was not entered knowingly, intelligently, and voluntarily, because he was not aware that he would be subject to sex offender proceedings under R.C. 2950.09.
 {¶ 19} Vernon did not file a direct appeal from his conviction. Therefore, his current argument would generally be barred by res judicata. See Szefcyk, supra; see also, Brown, supra. However, Vernon argues that his current arguments could not have been raised at that time. We agree. This is because the current sex offender statute took effect in 1997, subsequent to Vernon's conviction. State v. Cook,83 Ohio St.3d 404, 407, 1998-Ohio-291.
 {¶ 20} In 1997, Vernon successfully filed a motion to dismiss the sex offender proceedings. In 2000, the Supreme Court of Ohio held that Ohio's sex offender statutes *Page 6 
were constitutional and remanded this case to the trial court to conduct sex offender proceedings. In re Sex Offender Registration Cases, supra.
 {¶ 21} Following the remand from the Supreme Court of Ohio, Vernon filed two other motions to withdraw his guilty plea. In 2001 and 2003, Vernon filed motions to withdraw his guilty plea pursuant to Crim.R. 32.1. In neither of these motions did Vernon advance the instant arguments regarding sex offender proceedings. Since he could have raised these arguments in his prior Crim.R. 32.1 motions, Vernon's current claims are barred by the doctrine of res judicata. See State v.Vincent, 4th Dist. No. 03CA2713, 2003-Ohio-3998, at ¶ 11.
 {¶ 22} Vernon claims he did not receive proper notice of the Supreme Court of Ohio's decision. As the trial court noted, Vernon was represented by R. Paul Laplante, the Lake County Public Defender, during the state's appeal of the dismissal of the sex offender proceedings to this court. Presumably, therefore, service was properly served upon Vernon's counsel of record.
 {¶ 23} Part of Vernon's argument regarding service is that he did not know about the Supreme Court of Ohio's reversal of the dismissal of the sex offender proceedings. Again, the Supreme Court of Ohio's decision was issued in 2000. A copy of the judgment entry from the Supreme Court of Ohio is included in the record. We note that a party has a general duty to check the docket and to keep himself current regarding the status of the case. (Citations omitted.) See, e.g., State Farm Mut. AutoIns. Co. v. Peeler (1989), 63 Ohio App.3d 357, 361. Since Vernon's third motion to withdraw his guilty plea was filed six years after the Supreme Court of Ohio's decision, any veracity to Vernon's assertion that he was unaware of the Supreme Court of Ohio's decision *Page 7 
demonstrates Vernon's own negligence in failing to keep himself informed regarding the status of the case.
 {¶ 24} The trial court did not err by concluding that Vernon's third motion to withdraw his guilty plea was barred by the doctrine of res judicata. Vernon's first assignment of error is without merit.
 {¶ 25} Vernon's second assignment of error is:
 {¶ 26} "The underlying criminal case was resolved by a contractual agreement between the appellee and the appellant in 1995 and [R.C.2950.08] as it existed in 1995 must be read into the plea contract."
 {¶ 27} Vernon argues the state breached the plea agreement by initiating proceedings relating to the new requirements of R.C. 2950.09.
 {¶ 28} The Supreme Court of Ohio has held that the registration requirements contained in R.C. 2950.09 do not violate the Ex Post Facto Clause of the United States Constitution. Cook, supra, paragraph one of the syllabus. In addition, the court held that those registration requirements do not violate the prohibition against retroactive laws contained in the Ohio Constitution. Id. at paragraph two of the syllabus.
 {¶ 29} Vernon claims the new registration requirements of R.C. 2950.09
are additional legal obligations to the plea agreement. However, the Supreme Court of Ohio has held that the registrations requirements of R.C. 2950.09 are not punitive. Id. at 417. Additionally, the court stated that the provisions in R.C. 2950.09 are only "de minimus
procedural requirements." Id. at 412. In light of the holding inCook, we cannot say the initiation of sex offender proceedings constitute additional legal obligations so as to constitute a breach of the plea agreement. *Page 8 
 {¶ 30} Moreover, this court has previously rejected this argument.State v. Eshbaugh, 11th Dist. No. 97-T-0109, 2001-Ohio-8832, 2001 Ohio App. LEXIS, *3. In Eshbaugh, this court held that the state's retroactive initiation of sex offender proceedings does not breach a guilty plea agreement entered into prior to the enactment of R.C.2950.09. Id.
 {¶ 31} Vernon's second assignment of error is without merit.
 {¶ 32} The judgment of the Lake County Court of Common Pleas is affirmed.
MARY JANE TRAPP, J., concurs,
ROBERT A. NADER, J., Ret., Eleventh Appellate District, sitting by assignment, concurs in judgment only. *Page 1