OPINION
{¶ 1} Appellant, Jay Vernon, appeals the judgment entered by the Lake County Court of Common Pleas. The trial court denied Vernon's motion for relief from judgment.
 {¶ 2} In July 1995, Vernon confessed to engaging in sexual conduct with a 12-year-old girl. As a result, Vernon was indicted with one count of rape in violation of R.C. 2907.02. Vernon initially pled not guilty to this charge. *Page 2 
 {¶ 3} In October 1995, Vernon withdrew his plea of not guilty and pled guilty to the rape charge. A change of plea hearing was held. Therein, the trial court ascertained from Vernon that he understood the rights he was waiving by entering a guilty plea. Vernon signed a written plea of guilty.
 {¶ 4} In November 1995, a sentencing hearing was held. At this hearing, Vernon stated he did commit the acts in question, but he did not realize they were against the law. Later in the hearing, the assistant prosecutor informed the trial court that the state's recommendation as part of the plea bargain was for a sentence of six to 25 years. The trial court sentenced Vernon to a term of six to 25 years in prison. Vernon did not file a direct appeal relating to the trial court's judgment entry of sentence.
 {¶ 5} In 1997, Vernon filed a motion to dismiss the sex offender proceedings initiated by the state. The trial court granted Vernon's motion, and the state appealed the judgment to this court. This court affirmed the judgment of the trial court. State v. Vernon, 11th Dist. No. 97-L-184, 1999 Ohio App. LEXIS 697. The Supreme Court of Ohio reversed this court's decision and remanded the matter to the trial court. In re Sex Offender Registration Cases (2000), 89 Ohio St.3d 59,60.
 {¶ 6} In August 1998, Vernon filed a motion to enter judgment pursuant to Crim.R. 32(B), wherein he asserted that the trial court's sentencing entry was defective because it was captioned "journal entry" rather than "judgment entry." The trial court denied Vernon's motion and noted that it had issued a nunc pro tunc judgment entry correcting the error. This court affirmed the trial court's judgment entry denying Vernon's motion to enter judgment. State v. Vernon, 11th Dist. No. 99-L-006, 2000 Ohio App. LEXIS 1399. *Page 3 
 {¶ 7} In March 2001, Vernon filed a motion to withdraw his guilty plea pursuant to Crim.R. 32.1. This motion was based on Vernon's argument that the state breached the plea agreement by recommending a sentence of six to 25 years instead of a sentence of five to 25 years. The state filed an objection to this motion. The trial court denied Vernon's motion, prior to Vernon filing his reply brief. Vernon appealed the trial court's judgment to this court. This court reversed the trial court's judgment, due to the trial court's failure to consider Vernon's reply brief. See State v. Vernon, 11th Dist. No. 2001-L-102, 2002-Ohio-5153. The matter was remanded to the trial court to reconsider Vernon's motion to withdraw his guilty plea. Id.
 {¶ 8} On remand, the trial court denied Vernon's motion to withdraw his guilty plea. The trial court did not hold an evidentiary hearing. In its judgment entry, the court indicated that it had considered Vernon's motion, the state's response, and Vernon's reply brief. Vernon again appealed the trial court's judgment entry denying his motion to withdraw his guilty plea. This court affirmed the trial court's judgment entry denying Vernon's motion to withdraw his guilty plea. State v.Vernon, 11th Dist. No. 2002-L-182, 2003-Ohio-6408, at ¶ 30.
 {¶ 9} In December 2003, Vernon filed a second motion to withdraw his guilty plea. In this motion, he argued that he should be eligible for parole after six years, rather than the range of 150 to 210 months, as determined by the Ohio Adult Parole Authority. State v. Vernon, 11th Dist. No. 2004-L-055, 2005-Ohio-3894, at ¶ 9-10. The trial court denied this motion. Following an appeal by Vernon, this court affirmed the judgment of the trial court, holding that Vernon had not demonstrated a manifest injustice to withdraw his guilty plea as is required by Crim.R. 32.1. Id. at ¶ 13. *Page 4 
 {¶ 10} In November 2005, Vernon filed a motion to dismiss the sex offender proceedings against him. The trial court denied Vernon's motion to dismiss the sex offender proceedings. Vernon appealed the trial court's judgment to this court. This court dismissed the appeal for lack of a final, appealable order. State v. Vernon, 11th Dist. No. 2006-L-007, 2006-Ohio-2151, at ¶ 4.
 {¶ 11} In May 2006, Vernon filed a third motion to withdraw his guilty plea. The basis of this motion was that the state breached the plea agreement by initiating sex offender proceedings against him pursuant to the revised version of R.C. 2950.09. The trial court denied this motion. Vernon has appealed the trial court's judgment to this court. In October 2006, this court remanded the matter to the trial court for 30 days to allow the trial court to conduct a sexual predator hearing. Our opinion in that matter is also released today. State v. Vernon, 11th Dist. No. 2006-L-146.
 {¶ 12} In October 2006, Vernon filed a motion for relief from judgment. In this motion, Vernon sought relief from the trial court's judgment entry denying his third motion to withdraw his guilty plea. The state filed its response to this motion on October 18, 2006. The trial court denied Vernon's motion for relief from judgment on October 19, 2006, prior to Vernon's reply brief being filed. Vernon has appealed the trial court's judgment entry denying is motion for relief from judgment to this court, resulting in the instant action.
 {¶ 13} Vernon raises the following assignment of error:
 {¶ 14} "The sentencing court violated appellant's constitutionally protected rights to due process of law in denying appellant's motion for relief from judgment." *Page 5 
 {¶ 15} Vernon contends the trial court erred by failing to consider his reply brief. The trial court issued its judgment entry denying Vernon's motion for relief from judgment on October 19, 2006, prior to Vernon's reply brief being due. Vernon subsequently filed a timely reply brief.
 {¶ 16} In a prior appeal concerning Vernon, this court held that the trial court's failure to consider a timely filed reply brief was a violation of Vernon's due process rights. State v. Vernon, 11th Dist. No. 2001-L-102, 2002-Ohio-5153, at ¶ 19. Thus, this court reversed the judgment of the trial court and remanded the matter for the trial court to consider Vernon's reply brief. Id. at ¶ 21.
 {¶ 17} In the instant matter, Vernon's motion for relief from judgment argued that the trial court did not have jurisdiction to conduct a sex offender hearing due to the failure of the state to properly serve him in connection with the appeals in regard to the trial court's dismissal of the sex offender proceedings. The state filed a response to Vernon's motion. Therein, the state argued the trial court properly denied Vernon's third motion to withdraw his guilty plea on the basis of res judicata.
 {¶ 18} After the trial court dismissed his motion for relief from judgment, Vernon filed a reply brief, wherein he argued that "Jay R. Vernon © is the copyrighted trade mark/ trade name of Jay R. Vernon © a sentient human being." In addition, he threatened the trial court and the state with "unauthorized user fees" in the amount of $500,000 for using his name without permission.
 {¶ 19} We note that the "`purpose of a reply brief is to respond to matters raised by the opponent's brief.'" See, e.g., Thrower v. AkronDept. of Housing Appeals Bd. (May 2, 2001), 9th Dist. No. 20316, 2001 Ohio App. LEXIS 1944, *10, fn. 2. (Citation *Page 6 
omitted.) In this matter, Vernon's reply brief did not respond to any issues raised in the state's brief in opposition to his motion for relief from judgment. Instead, Vernon asserted new claims regarding an alleged infringement of his intellectual property rights.
 {¶ 20} The trial court erred by issuing its judgment entry prior to giving Vernon an opportunity to timely file a reply brief. However, Crim.R. 52(A) is entitled "harmless error" and provides "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." In this matter, the trial court's failure to consider Vernon's reply brief did not affect the outcome of the case and therefore constitutes harmless error. State v. Brown,100 Ohio St.3d 51, 2003-Ohio-5059, at ¶ 25.
 {¶ 21} Vernon's first assignment of error is without merit.
 {¶ 22} The judgment of the trial court is affirmed.
MARY JANE TRAPP, J.,
ROBERT A. NADER, J., Ret., Eleventh Appellate District, sitting by assignment, concur. *Page 1