OPINION
{¶ 1} This accelerated calendar appeal arises from the Trumbull County Court of Common Pleas. Appellant, Richard A. Lee ("Lee"), appeals the February 24, 2004 judgment entry of the trial court. The following facts were presented at trial and are generally not in dispute. Lee and appellee, Teresa A. Sanders ("Sanders"), were involved in a long-term romantic relationship. In October 1996, the parties entered into a land installment contract with the property owners of 753 Glenwood Avenue, N.E., in Warren, Ohio. Sanders and Lee had been renting the property for the previous year. Both Lee and Sanders were named as vendees on the land contract. After an initial down payment of $5,000, the parties paid $426.47 per month, which included $39.36 for property taxes and $19.75 for insurance. In August 1999, problems began to develop between Lee and Sanders, which resulted in the termination of the relationship. Lee left the residence with a number of his personal items and did not return.
 {¶ 2} On February 19, 2003, Lee filed what was captioned as a declaratory judgment action against Sanders, seeking damages for the monies he had paid toward the land installment contract and improvements he had made to the property. The parties agreed that Lee had paid two hundred dollars per month toward the contract payment, for a total of $7,200. Lee alleged he had made improvements to the property totaling approximately $30,000. Lee also sought to recover personal items that remained on the property.
 {¶ 3} Lee filed a motion for default judgment on August 14, 2003, as Sanders had failed to file an answer. The trial court scheduled a hearing on the motion for September 8, 2003. Sanders subsequently filed an answer and counterclaim on August 22, 2003. In her answer, Sanders raised the affirmative defenses of laches, estoppel, failure to state a cause of action, and unclean hands. Moreover, in her counterclaim, Sanders alleged breach of contract, promissory estoppel, conversion, and trespass to chattels. On September 9, 2003, Lee filed an answer to the counterclaim.
 {¶ 4} A bench trial was held on February 4, 2004. Both Lee and Sanders testified at the trial as well as a neighbor, Angeline Potts. Both parties testified that a number of improvements had been made to the property, including: a complete remodeling of the kitchen, bathroom, and attic; the installation of central air conditioning; and the addition of a new hot water tank. Both parties also acknowledged that Lee and a family friend performed the improvements but that they were not completed at the time the relationship terminated. Sanders testified that she provided the $5,000 down payment on the contract and had financed the improvements. Both parties acknowledged that when Lee left the residence he took two corner shelving units and a television, as well as other items, and had left certain items on the premises, including hand tools and automotive parts.
 {¶ 5} In its February 24, 2004 judgment entry, the trial court found that Sanders had brought most of the money into the relationship, as she had provided the down payment, paid the majority of the monthly installment payment, and covered the costs of the improvements to the premises. The court found that Lee paid $200 per month toward the contract. The court also concluded the two corner shelving units had been purchased by Sanders and ordered them returned. The court also ordered Sanders to return to Lee his hand tools and the automotive parts.
 {¶ 6} Regarding the land installment contract, the trial court issued the following order:
 {¶ 7} "By way of implementation of this agreement, [Lee] shall sign over any interest he has in the land contract to [Sanders] within 30 days of the date of this entry. Thereafter, [Sanders] will have 120 days from the delivery of the document transfer in which to refinance the premises and pay $7,200 to [Lee] in payment in full of any interest and all right and title to the property. In the event that [Sanders] has not made such arrangements and the payment is not made in 120 days, the Court grants judgment in the amount of $7,200 which would carry interest at 10% per annum from the date of the judgment until the judgment is paid in full."
 {¶ 8} Lee filed a motion to stay judgment pending an appeal, which the trial court granted on March 23, 2004. Lee subsequently filed this appeal, presenting two assignments of error. Sanders did not file an appellate brief with this court. Lee's assignments of error are:
 {¶ 9} "[1.] The trial court erred in ordering plaintiff to transfer his interest in the land installment contract to defendant and not receive any payment until 120 days later, if at all.
 {¶ 10} "[2.] The trial court's decision is an abuse of discretion and is against the manifest weight of the evidence."
 {¶ 11} In his first assignment of error, Lee contends the trial court's order requiring him to sign over his interest in the land installment contract within thirty days but, then, allowing Sanders one hundred twenty days in which to render payment to Lee for that interest is "unreasonable and untenable." We agree.
 {¶ 12} In a land installment contract, the vendees immediately gain possession of the premises while legal title is held by the vendor until full payment has been made according to the terms of the contract.[1]
Thus, the vendees do not obtain legal title immediately but, rather, have a possessory equitable interest relative to the amount of the purchase money that has been paid.[2]
 {¶ 13} Upon entering into the land installment contract, both Lee and Sanders were both named vendees and, with no provisions to the contrary, both had an equal interest in the contract and a present possessory interest in the property at issue. Sixty days after Lee left the premises and both agreed the relationship had terminated, Sanders had new locks installed on the premises, preventing Lee from reentering on his own. Thus, Lee no longer maintained a possessory interest in the premises. However, as a named vendee in the contract, Lee maintained his equitable interest in the land installment contract itself. Therefore, Sanders is precluded from encumbering or transferring Lee's interest in the contract, absent a transfer of Lee's equitable interest to her.
 {¶ 14} Both parties agree that Lee paid $200 per month on the contract for the duration of the relationship. That amount totaled $7,200. The trial court found that Lee was entitled to be reimbursed for that portion that he paid of the contract and, in return, Lee would relinquish his interest in the contract to Sanders. We conclude that this portion of the trial court's order is equitable and reasonable. However, the trial court went further and ordered the exchange of interest and payment of that interest on differing timeframes. Lee was ordered to transfer his interest to Sanders within thirty days of the judgment. The court then gave Sanders one hundred twenty days to obtain financing and make payment to Lee in exchange for his interest in the contract. If Sanders failed to make payment at the end of the one hundred twenty days, Lee would then have a judgment against Sanders.
 {¶ 15} As noted supra, Lee and Sanders have only equitable interest in the property.[3] A judgment issued by the trial court, "does not cause such judgment to attach as a lien on the equitable interest of the judgment debtor in land under a land contract."[4] In other words, the proposed judgment as stated by the trial court in its judgment entry would not be a judgment until one hundred twenty days after Lee transferred his interest and thereafter could not attach as a lien on an equitable interest in the land; thus, Lee would be without a secured interest should Sanders fail to make payment according to the terms set forth in the judgment entry.
 {¶ 16} We find the proposed time exchange to be contrary to contract principles and that it negates the equitable relief attempted to be rendered by the trial court. Should Sanders not be able to obtain financing for the contract or otherwise make payment to Lee for his already divested interest, Lee would be left with a judgment that might need further court assistance to satisfy. Although not explicitly stated by the trial court in its judgment entry, the reference to financing indicates to this court that the trial court was most likely looking to give Sanders sole interest in the contract to facilitate refinancing. While a commendable endeavor, the better practice would be to allow their interest to remain with both parties until financing could be obtained. At that point, Lee could relinquish his interest and receive payment.
 {¶ 17} The trial court did not err in ordering Sanders to pay Lee $7,200 in return for Lee's interest in the contract; however, this exchange should occur simultaneously and not on the staggered timeframe ordered by the trial court.
 {¶ 18} Appellant's first assignment of error is with merit.
 {¶ 19} In his second assignment of error, Lee contends the trial court's order requiring him to return the corner shelving units to Sanders and awarding him only $7,200 is an abuse of discretion and against the manifest weight of the evidence.
 {¶ 20} The standard of review applied in determining whether a civil judgment is against the manifest weight of the evidence is well-settled: "`[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence.'"[5]
 {¶ 21} Specifically, Lee avers that the evidence demonstrated that he paid for the shelving units himself and he should not have to return them to the premises and Sanders. Moreover, Lee contends the evidence presented showed that he paid two hundred dollars a month for the land contract, he performed the improvements to the premises, and that he and Sanders divided the cost of the improvements on an equal basis. Lee also alleges that he helped Sanders save for the $5,000 down payment. Based on these figures, Lee contends that the $10,000 figure that he testified at trial he would accept was reasonable.[6]
 {¶ 22} At trial, Sanders testified that the $5,000 down payment came from her checking account and that Lee had agreed to repay her by paying the contract payment in its entirety for one year but never did. Sanders also testified that Lee performed a small portion of the improvements but the majority of the work was completed by a friend of the family and some improvements remained incomplete at the time of Lee's departure. Sanders also testified that she had paid for all of the improvements herself. Moreover, regarding the corner shelving units, Sanders testified that, although Lee's signature appears on the order, Lee paid for the units with her money and Lee picked them up. In addition, both parties agreed that Lee paid only two hundred dollars of the monthly contract payment.
 {¶ 23} In its judgment entry, the trial court concluded that the evidence presented demonstrated that Sanders provided most of the funds for the relationship, including the down payment on the contract, the majority of the monthly payment, the cost of all improvements, and the cost of the shelving units. After reviewing the record and evidence presented at trial, we conclude that the trial court's judgment is supported by competent, credible evidence. Thus, the trial court did not abuse its discretion, and its judgment is not against the manifest weight of the evidence.
 {¶ 24} Lee's second assignment of error is without merit.
 {¶ 25} Based on the foregoing, we conclude that the trial court erred only in ordering Lee to relinquish his interest in the contract within thirty days and allowing Sanders one hundred twenty days to make payment to Lee in exchange for that interest. Lee should not be required to relinquish his interest in the land contract until he is simultaneously compensated by Sanders in the amount of $7,200. All remaining orders of the trial court's judgment entry, dated February 24, 2004, remain intact. The judgment of Trumbull County Court of Common Pleas is affirmed in part and reversed in part, and the matter is remanded for proceedings consistent with this opinion.
Ford, P.J., Grendell, J., concur.
[1] R.C. 5313.01(A).
[2] Jefferson Local School Dist. Recreation Council v. Roby (Sept. 18, 1996), 10th Dist. No. 85AP-1050, 1986 Ohio App. LEXIS 8340, at *4, citingCoggshall v. Marine Bank Co. (1900), 63 Ohio St. 88, paragraph one of the syllabus.
[3] Id.
[4] Bank of Ohio v. Lawrence (1954), 161 Ohio St. 543, paragraph one of the syllabus.
[5] Ty-Excavating, Inc. v. Boccia, 11th Dist. No. 2003-T-0099,2004-Ohio-6338, at ¶ 12, quoting C.E. Morris Co. v. Foley ConstructionCo. (1978), 54 Ohio St.2d 279, syllabus.
[6] Lee originally sought $30,000 in damages in his complaint filed with the trial court.