OPINION
{¶ 1} Defendants-appellants, Anthony P. Painter and Roma L. Painter (collectively the "Painters" or "appellants"), appeal from a judgment of the Franklin County Court of Common Pleas denying appellants' motion for relief from judgment. Because the *Page 2 
trial court did not abuse its discretion by denying appellants' motion for relief from judgment, we affirm the judgment of the trial court.
 {¶ 2} By complaint in foreclosure filed on March 21, 2007, US Bank National Association as Trustee for Credit Suisse First Boston HEAT 2005-4 ("plaintiff" or "US Bank") sued multiple defendants, including the Painters.[1] In its complaint, US Bank alleged, among other things, that: (1) Javene D. Collier and Anthony T. Collier (collectively "the Colliers") defaulted under the terms of a note and mortgage and owed $161,736.12, plus interest and other costs; (2) US Bank was the holder of the mortgage after the mortgage had been assigned to it; (3) US Bank was entitled to have the mortgage foreclosed; (4) the Painters might claim a record interest in the property as a prior titleholder of the property; and (5) due to scrivener's error and mutual mistake of fact, the mortgage executed by the Colliers and the underlying deed contained an incorrect legal description of the property.
 {¶ 3} Accordingly, US Bank sought a judgment against Javene D. Collier and Anthony T. Collier in the amount of $161,736.12, plus interest. US Bank also sought: (1) to have the mortgage and deed reformed so that the proper legal description would be set forth; and (2) to have the property sold at sheriff's sale after judicial foreclosure of the property. *Page 3 
 {¶ 4} Although multiple defendants, including the Painters, were served, only the Franklin County Treasurer answered plaintiff's complaint wherein he claimed a valid first lien on the property for, among other things, all tax certificates, taxes, assessments, and penalties. Plaintiff thereafter moved for a default judgment.
 {¶ 5} Finding that (1) the Colliers, jointly and severally, owed $161,736.12 plus interest and costs; (2) due to scrivener's error and mutual mistake of fact, the mortgage and deed contained an incorrect legal description; (3) US Bank was entitled to a decree ordering the sale of the property at sheriff's sale; and (4) the Franklin County Treasurer's interest in the property was senior to plaintiff's interest in the property, the trial court reformed the mortgage and deed, and issued a judgment and decree in foreclosure in favor of US Bank on June 28, 2007. Accordingly, a sheriff's sale was scheduled for October 5, 2007.
 {¶ 6} Two days before the scheduled sheriff's sale, however, appellants moved, under Civ. R. 60(B)(5), to vacate the trial court's judgment of foreclosure, and moved instanter to stay the sheriff's sale. Appellants also requested an evidentiary hearing in support of their motions. US Bank opposed appellants' motion to vacate the court's judgment.
 {¶ 7} In their Civ. R. 60(B) motion, appellants claimed that the real estate at issue was referenced in a bankruptcy plan submitted by appellants to the federal bankruptcy court in 2004, which the bankruptcy court later approved. Accordingly, appellants claimed that an automatic bankruptcy stay under Section 362(a), Title 11, U.S. Code was in effect, and the trial court's judgment should be vacated for lack of jurisdiction. Finding that *Page 4 
additional time was required to consider appellants' motion, the trial court stayed the scheduled sheriff's sale and withdrew the property from sheriff's sale.
 {¶ 8} Without holding an evidentiary hearing, the common pleas court later denied appellants' Civ. R. 60(B) motion. In its judgment, the court stated:
 This matter came before the Court upon the Motion of Defendants Anthony Painter and Roma Painter ("Defendants") for Relief from Judgment pursuant to Ohio Rule of Civil Procedure 60(B)(5) filed on October 3, 2007.
 The Court finds that lis pendens attached to the subject property and the Painters [sic] interest was recorded subject to the foreclosure proceedings, and therefore the Motion for Relief from Judgment is hereby DENIED.
 {¶ 9} After the trial court was informed that the bankruptcy court granted US Bank relief from the automatic stay, the trial court later reactivated the case for post-judgment proceedings only.
 {¶ 10} While appellants' appeal was before this court, claiming that the trial court had not ruled upon their motion for a stay of execution of the trial court's judgment, appellants moved this court instanter to stay execution of the trial court's judgment and for an order withdrawing the property from a scheduled sheriff's sale. Appellants also moved this court for an order setting a supersedeas bond at zero dollars, or at a minimal amount.
 {¶ 11} This court thereafter granted appellants' motion for a stay of execution, provided that appellants post a supersedeas bond in the amount of $15,000 with the clerk of the trial court. This court further ordered that the stay was effective only as to US Bank's planned sale of the property and did not prevent US Bank from seeking to collect the underlying judgment from other parties. *Page 5 
 {¶ 12} From the trial court's denial of their motion for relief from judgment, appellants now appeal.[2] Appellants advance four assignments of error for our consideration:
 I. THE TRIAL COURT ERRED WHEN IT FAILED TO VACATE THE JUNE 28, 2007 DEFAULT JUDGMENT ENTRY AGAINST THE DEFENDANTS-APPELLANTS ONCE THE COURT LEARNED THAT IT LACKED JURISDICTION OVER THE DEFENDANTS-APPELLANTS' PROPERTY INTEREST IN 80-82 EUCLID AVENUE.
 II. THE TRIAL COURT ERRED IN DENYING THE MOTION FOR RELIEF FROM JUDGMENT FILED BY DEFENDANTS ANTHONY PAINTER AND ROMA PAINTER.
 III. THE TRIAL COURT ERRED IN ITS DETERMINATION THAT THE PAINTERS' INTEREST IN THE SUBJECT PROPERTY WAS ACQUIRED SUBJECT TO THE PENDING LITIGATION IN THE CASE SUB JUDICE.
 IV. THE TRIAL COURT ERRED IN FAILING TO HOLD AN EVIDENTIARY HEARING UPON THE MOTION FOR RELIEF FROM JUDGMENT FILED BY DEFENDANTS ANTHONY PAINTER AND ROMA PAINTER. *Page 6 
 {¶ 13} Besides advancing four assignments of error, appellants also have submitted a request in a reply brief. Specifically, claiming that a copy of a land installment contract between the Colliers and Painters relating to the property at issue, which US Bank included as an exhibit in an appendix, was not part of the record below, in their reply brief appellants ask this court to strike the copy of the land installment contract that US Bank included in its appendix. For its part, US Bank concedes that the land installment contract was not introduced into the trial court's record, but US Bank asserts that this court may take judicial notice of the land installment contract as a public record.
 {¶ 14} "[A] reply brief is merely an opportunity to reply to the brief of appellee." Calex Corp. v. United Steelworkers of Am. (2000),137 Ohio App.3d 74, 80, dismissed, appeal not allowed, 89 Ohio St.3d 1465, citing App. R. 16(C), whereas a motion may be defined as "[a] written or oral application requesting a court to make a specified ruling or order." Black's Law Dictionary (8th Ed. 2004) 1036. We construe appellants' request in their reply brief as a motion before this court.
 {¶ 15} Although we acknowledge the need for a court to take judicial notice of undisputed facts, see, e.g., Evid. R. 201, as an appellate court, we are limited by the record before us. Brown v. Cleveland
(1981), 66 Ohio St.2d 93, 98; see, also, State v. Ishmail (1978),54 Ohio St.2d 402, paragraph one of the syllabus (holding that "[a] reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter").
 {¶ 16} Accordingly, because the land installment contract was not introduced into the trial court's record, we shall not consider the copy of the land installment contract *Page 7 
between the Colliers and Painters that US Bank included as an exhibit in an appendix to its appellate brief.
 {¶ 17} "[I]t is well settled that a judgment denying a motion for relief from judgment filed pursuant to Civ. R. 60(B) is itself a final appealable order." Colley v. Bazell (1980), 64 Ohio St.2d 243, 245, citing Greenspahn v. Joseph E. Seagram Sons, Inc., (C.A.2, 1951),186 F.2d 616; Russell v. Cunningham (C.A.9, 1960), 279 F.2d 797; 7 Moore's Federal Practice (2nd Ed.), 430, Section 60.30(3); McCormac, Ohio Civil Rules Practice, (1980 Supp.), 101, Section 13-27.
 {¶ 18} "A motion for relief from judgment under Civ. R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77. When applying an abuse-of-discretion standard, an appellate court may not substitute its judgment for that of the trial court. Berk v.Matthews (1990), 53 Ohio St.3d 161, 169; Stockdale v. Baba,153 Ohio App.3d 712, 2003-Ohio-4366, ¶ 54, citing Berk, at 169; State v.Congrove, Franklin App. No. 06AP-1129, 2007-Ohio-3323, at ¶ 9.
 {¶ 19} "`The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" State v. Smith, Franklin App. No. 03AP-1157, 2004-Ohio-4786, at ¶ 10, quoting Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, quoting State v. Adams (1980),62 Ohio St.2d 151, 157. An unreasonable decision is one that is unsupported by a sound reasoning process. AAAA Ent., Inc. v. River Place Community UrbanRedevelopment Corp. (1990), 50 Ohio St.3d 157, 161; see, also,Dayton ex rel. Scandrick v. McGee (1981), 67 Ohio St.2d 356, 359, citing Black's Law Dictionary (5th Ed. 1979) *Page 8 
1379 (observing that "`[unreasonable' means `irrational'");Congrove, at ¶ 9. An arbitrary attitude, on the other hand, is an attitude that is "`without adequate determining principle; * * * not governed by any fixed rules or standard.'" Scandrick, at 359, quoting Black's Law Dictionary (5th Ed. 1979) 96; see, also,Congrove, at ¶ 9. "Unconscionable" may be defined as "affronting the sense of justice, decency, or reasonableness." Black's Law Dictionary (8th Ed. 2004) 1561.
 {¶ 20} "`"[A]n abuse of discretion involves far more than a difference in * * * opinion * * * The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an `abuse' in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias."'" Huffman v. HairSurgeon, Inc. (1985), 19 Ohio St.3d 83, 87, quoting State v.Jenkins (1984), 15 Ohio St.3d 164, 222, certiorari denied (1985),472 U.S. 1032, 105 S.Ct. 3514, rehearing denied, 473 U.S. 927, 106 S.Ct. 19, quoting Spalding v. Spalding (1959), 355 Mich. 382, 384-385,94 N.W.2d 810.
 {¶ 21} Bearing in mind these principles, we shall consider appellants' assignments of error in a different order than the sequence set forth by appellants for ease of appellate review.
 {¶ 22} By their third assignment of error, appellants claim that the trial court erred when it determined that appellants' interest in the property was subject to the litigation in this case. We cannot agree. *Page 9 
 {¶ 23} First, as discussed above, no copy of the Painters' land installment contract with the Colliers was introduced into the trial court's record. Thus, there is no evidence in the record showing that the Painters executed a land installment contract with the Colliers, as appellants contend.
 {¶ 24} Second, although references to an executory land installment contract between the Painters and Colliers in appellants' bankruptcy filings reasonably suggest the existence of an executory land installment contract which predated the foreclosure action, there is no evidence showing whether the executory land installment contract was oral or written or if the Painters recorded the land installment contract in the manner required under R.C. 5313.02(C) and5301.25(A).[3] See, generally, Bradford v. B P Wrecking Co.,Inc., 171 Ohio App.3d 616, 2007-Ohio-1732, at ¶ 28-32 (finding that, although the recording of a land installment contract appears to be mandatory, an appellee's failure to record land installment contracts did not render them unenforceable as between the appellee and the appellant because the appellant was not a subsequent bona fide purchaser). Moreover, appellants provide no authority for the proposition that the bankruptcy court's order confirming appellants' proposal to assume an executory land contract certifies the validity of such an executory land installment contract, or establishes that such an executory land installment contract conforms to applicable state law.
 {¶ 25} In sum, absent a copy of the Painters' land installment contract with the Colliers in the trial court's record, we cannot determine whether the land installment *Page 10 
contract validly created a debt, as the Painters maintain. Under such circumstances, we cannot conclude that appellants have sustained their burden of affirmatively demonstrating that the trial court erred when it applied the doctrine of lis pendens. See Wray v. Parsson (1995),101 Ohio App.3d 514, 518, appeal not allowed, 73 Ohio St.3d 1413, reconsideration denied, 73 Ohio St.3d 1455 (observing that an appellant bears the burden of affirmatively demonstrating error on appeal, and an appellant has the responsibility of providing an appellate court with a record of facts, testimony, and evidentiary matters that are necessary to support an appellant's assignment of error); see, also, Cook v.Mozer (1923), 108 Ohio St. 30, syllabus (holding that "[t]he doctrine of lis pendens has long been established and recognized as the general law of the land upon the board of public policy of maintaining the status quo of rights and interests in property involved in litigation, not only as between the parties thereto but as to third parties having conflicting interests, until the action pending has been finally adjudicated").[4]
 {¶ 26} Accordingly, appellants' third assignment of error is overruled.
 {¶ 27} Because appellants' first and second assignments of error are interrelated, we shall address them jointly. By their first assignment of error, appellants suggest that, due to an automatic bankruptcy stay, the trial court lacked subject-matter jurisdiction when it issued its judgment in foreclosure and, as a result, the judgment in foreclosure *Page 11 
was void ab initio. By their second assignment of error, appellants assert the trial court erred when it denied appellants' Civ. R. 60(B) motion. We disagree.
 {¶ 28} According to the evidence, at some point prior to US Bank's foreclosure action, the Painters sought Chapter 13 bankruptcy protection in federal bankruptcy court. In their Chapter 13 plan, and in an amended Chapter 13 plan, the Painters proposed to assume an executory land contract in the property at issue, which required the Painters to pay monthly installments to Anthony and Javene Collier. As discussed above, however, no copy of the Painters' land installment contract with the Colliers was introduced into the trial court's record. Absent a copy of this land installment contract in the record, we therefore shall assume arguendo that a land installment contract between the Painters and Colliers does indeed exist.
 {¶ 29} On August 4, 2004, the bankruptcy court confirmed the Painters' Chapter 13 plan, as amended, and ordered, in part: "During the pendency of the plan confirmed herein, all property of the estate, as defined in § 1306(a) of Title 11 of the United States Code, is within the exclusive jurisdiction of the Court."
 {¶ 30} More than two and one-half years later, in March 2007, US Bank brought the present foreclosure action against, among others, appellants, and the trial court later granted US Bank the relief it sought. After the trial court issued its judgment in favor of US Bank, appellants sought Civ. R. 60(B) relief, which the trial court later denied. Before the trial court denied appellants' Civ. R. 60(B) motion, the bankruptcy court, however, granted US Bank's request for relief from the automatic bankruptcy stay.
 {¶ 31} Under a land installment contract, a vendee immediately gains possession of real property while a vendor holds legal title to the property until full payment is made *Page 12 
according to the terms of a contract. Bradford, at ¶ 28, citing R.C. 5313.01(A). A vendee therefore has a "`possessory equitable interest relative to the amount of the purchase money that has been paid,'" but a vendee does not obtain legal title to the property immediately.Bradford, at ¶ 28, quoting Lee v. Sanders, Trumbull App. No. 2004-T-0024, 2005-Ohio-2091, at ¶ 12. Accord Baraby v. Swords,166 Ohio App.3d 527, 2006-Ohio-1993, at ¶ 14.
 {¶ 32} Accordingly, as vendees of a land installment contract with the Colliers, the Painters would have had a possessory equitable interest in the property at issue relative to the amount of purchase money they had paid. Bradford, at ¶ 28.
 {¶ 33} Under former Section 541(a)(1), Title 11, U.S. Code, which was in effect at all times pertinent to the proceedings, the commencement of a Chapter 13 bankruptcy case created an estate, which included all legal or equitable interests of a debtor in property as of the commencement the case. See, also, Section 1306, Title 11, U.S. Code (providing that property in the estate includes, among other things, property specified in Section 541, Title 11, U.S. Code). Consequently, because the Painters had an equitable interest in the land installment contract,Bradford, at ¶ 28; Baraby, at ¶ 14, the Painters' land installment contract would have been included in the Painters' bankruptcy estate under former Section 541(a)(1), Title 11, U.S. Code.
 {¶ 34} Under former Section 362(a)(1), Title 11, U.S. Code, which was in effect at all times pertinent to the proceedings, a bankruptcy application operated as stay, applicable to all entities of "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the *Page 13 
case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title[.]" "`The stay springs into being immediately upon filing of a bankruptcy petition: `[b]ecause the automatic stay is exactly what the name implies — `automatic' — it operates without the necessity for judicial intervention.'" First Merit Mtge. Corp. v. Kolm (Sept. 18, 2000), Stark App. No. 1999CA00363, quoting In re Soares (C.A.1, 1997), 107 F.3d 969,975, quoting Sunshine Dev., Inc. v. FDIC (C.A.1, 1994), 33 F.3d 106,113.
 {¶ 35} Accordingly, pursuant to former Section 362(a)(1), Title 11, U.S. Code, the Painters' land installment contract with the Colliers therefore would have been subject to the automatic stay provision of former Section 362(a)(1), Title 11, U.S. Code. And, as a consequence, the trial court's judgment in foreclosure would appear to have been issued while the property was subject to an automatic stay under former Section 362(a)(1), Title 11, U.S. Code.
 {¶ 36} Although the trial court's judgment appears to have been issued during the automatic stay, the trial court's default judgment in foreclosure, however, was not necessarily void, as appellants claim. Rather, the trial court's judgment reasonably may be viewed as having been voidable. See Easley v. Pettibone Michigan Corp. (C.A.6, 1993),990 F.2d 905, 909-910 (finding that actions that are taken in violation of a bankruptcy stay are voidable). But, see, Bronson v. United States
(C.A.D.C, 1995), 46 F.3d 1573, 1577 (discussing split among the federal circuits concerning the validity of actions in violation of an automatic stay under bankruptcy law). Cf. Hershberger v. Morgan (1996),112 Ohio App.3d 105, 107 (finding that actions that are taken in violation of a bankruptcy stay and resulted in attempted diminution of a debtor's assets are void); *Page 14 First Merit Mtge. Corp. (finding it irrelevant to determine whether a sheriff's sale was void or voidable, but observing that "if actions done in violation of a [bankruptcy] stay are voidable, then the sale of the property made pursuant to an order of sale is valid until it is voided," and agreeing with the reasoning that a bankruptcy stay "vanishes as if it never existed when the stay is retroactively annulled by the bankruptcy court").
 {¶ 37} Finding that actions in violation of a bankruptcy stay are voidable, in Easley the United States Court of Appeals for the Sixth Circuit observed: "We think that `invalid' is a more appropriate adjective to use when defining an action taken against a debtor during the duration of the automatic stay. Like the word `void,' `invalid' describes something that is without legal force or effect. * * * [Something that is invalid is not incurable, in contrast to a void action which is incapable of being ratified." Id. at 909.
 {¶ 38} "A voidable judgment is one rendered by a court having jurisdiction and although seemingly valid, is irregular and erroneous."State v. Montgomery, Huron App. No. H-02-039, 2003-Ohio-4095, at ¶ 9, appeal not allowed, 100 Ohio St.3d 1508, 2003-Ohio-6161, citing Black's Law Dictionary (7th Ed. 1999) 848; see, also, GMAC, L.L.C.v. Greene, Franklin App. No. 08AP-295, 2008-Ohio-4461, at ¶ 25-27. Cf.Pratts v. Hurley, 102 Ohio St.3d 81, 2004-Ohio-1980, at ¶ 12, quotingState v. Parker, 95 Ohio St.3d 524, 2002-Ohio-2833, at ¶ 22 (Cook, J., dissenting), quoting State v. Swiger (1998), 125 Ohio App.3d 456, 462, abrogated on other grounds by, State v. Hutton, 100 Ohio St.3d 176,2003-Ohio-5607 (stating that "`"[i]t is only when the trial court lacks subject matter jurisdiction that its judgment is void; lack of jurisdiction over the particular case merely renders the judgment voidable"'"). *Page 15 
 {¶ 39} Here, appellants sought relief from the trial court's default judgment in foreclosure under Civ. R. 60(B)(5). Civ. R. 55(B) provides that a court may set aside a default judgment in accordance with Civ. R. 60(B). "Where timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits." GTE Automatic Elec, Inc. v. ARC Industries,Inc. (1976), 47 Ohio St.2d 146, paragraph three of the syllabus.
 {¶ 40} Civ. R. 60(B)(5) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: * * * (5) any other reason justifying relief from the judgment." SeeAdomeit v. Baltimore (1974), 39 Ohio App.2d 97, 105 (stating that "Civil Rule 60[B][5] is only to be used in an extraordinary and unusual case when the interests of justice warrants it").
 {¶ 41} "`A claim under Civ. R. 60(B) requires the court to carefully consider the two conflicting principles of finality and perfection.'"Cuyahoga Support Enforcement Agency v. Guthrie, 84 Ohio St.3d 437, 441,1999-Ohio-362, quoting Strack v. Pelton, 70 Ohio St.3d 172, 175,1994-Ohio-107. "[T]o prevail on a Civ. R. 60(B) motion for relief from judgment, the movant must establish that `(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.'" State ex rel. Richard v. Seidner, 76 Ohio St.3d 149,151, 1996-Ohio-54, quoting GTE Automatic Elec, supra, *Page 16 
paragraph two of the syllabus. Relief under Civ. R. 60(B) "is improper if any one of the foregoing requirements is not satisfied." State ex rel.Richard, at 151, citing Strack, at 174. See, also, GTE Automatic Elec,Inc., at 151 (finding that the requirements under Civ. R. 60[B] "are independent and in the conjunctive, not the disjunctive"); In reMcLoughlin v. McLoughlin, Franklin App. No. 05AP-621, 2006-Ohio-1530, at ¶ 23, appeal not allowed, 110 Ohio St.3d 1465, 2006-Ohio-4288;Fields Excavating, Inc. v. Welsh Elec. Co., Franklin App. No. 04AP-150,2005-Ohio-708, at ¶ 7.
 {¶ 42} Here, we cannot conclude that the trial court abused its discretion by denying appellants' Civ. R. 60(B) motion. Specifically, after the trial court issued its judgment in foreclosure, but before the trial court denied appellants' Civ. R. 60(B) motion, the bankruptcy court granted US Bank's request for relief from the automatic bankruptcy stay. Consequently, appellants' claim in their Civ. R. 60(B) motion that the trial court improperly exercised its jurisdiction no longer held significance. Stated differently, after the bankruptcy court granted US Bank's request for relief from the automatic bankruptcy stay, appellants' basis for their Civ. R. 60(B) motion, namely a lack of jurisdiction by the trial court, was rendered moot by the bankruptcy court's order. See, generally, Black's Law Dictionary (8th Ed. 2004) 1029 (defining "moot" as, among other things, "[h]aving no practical significance; hypothetical or academic"). And, because appellants' argument in support of their Civ. R. 60(B) motion had been rendered moot, appellants therefore lacked a meritorious defense or claim to present if the trial court were to have granted appellants the relief they requested in their Civ. R. 60(B) motion. And, because appellants lacked a meritorious defense or claim to present if the trial court were to have granted appellants the relief that they requested in their Civ. R. 60(B) motion, we find no abuse of discretion *Page 17 
by the trial court when it denied appellants' Civ. R. 60(B) motion. Cf. McCormac Solimine, Anderson's Ohio Civil Rules Practice with Forms (2008 Ed.) 13.35 — 13.36, Section 13.35 (stating that "[a] Civil Rule 60[B] motion must set forth one of the grounds included in the rule and not just grounds that should have been asserted in an appeal"). (Footnote omitted.)
 {¶ 43} Accordingly, for reasons set forth above, appellants' first and second assignments of error are overruled.
 {¶ 44} By their fourth assignment of error, appellants claim that the trial court abused its discretion by failing to hold an evidentiary hearing concerning their Civ. R. 60(B) motion. We disagree.
 {¶ 45} "[I]f the Civ. R. 60(B) motion contains allegations of operative facts which would warrant relief from judgment, the trial court should grant a hearing to take evidence to verify those facts before it rules on the motion." State ex rel. Richard, at 151, citing Kay v. MarcGlassman, Inc., 76 Ohio St.3d 18, 1996-Ohio-430; Coulson v. Coulson
(1983), 5 Ohio St.3d 12, 16. "Conversely, an evidentiary hearing is not required where the motion and attached evidentiary material do not contain allegations of operative facts which would warrant relief under Civ. R. 60(B)." State ex rel. Richard, at 151, citing S. Ohio Coal Co. v.Kidney (1995), 100 Ohio App.3d 661, 667, appeal not allowed by,72 Ohio St.3d 1530. See, also, Gaines Stern Co., L.P.A. v. Schwarzwald,Robiner, Wolf Rock, Co., L.P.A. (1990), 70 Ohio App.3d 643, 646, dismissed (1991), 59 Ohio St.3d 718, rehearing denied,60 Ohio St.3d 720; McCormac Solimine, supra, at 13-60 to 13-61, Section 13.35; Fink, Greenbaum Wilson, Guide to the Ohio Rules of Civil Procedure (Ed. 2006) 60-50 to 60-51, Section 60:12. *Page 18 
 {¶ 46} "Operative facts are those facts which if proven would give rise to a meritorious defense or support the alleged grounds for relief from judgment." Prinz v. Horvat (Mar. 1, 1989), Summit App. No. 13708, citing BancOhio Natl. Bank v. Schiesswohl (1988), 51 Ohio App.3d 130; see, also, Black's Law Dictionary (8th Ed. 2004) 629 (defining "operative fact" as, among other things, "[a] fact that constitutes the transaction or event on which a claim or defense is based").
 {¶ 47} A "trial court abuses its discretion in denying a hearing where grounds for relief from judgment are sufficiently alleged and are supported with evidence which would warrant relief from judgment."Kay, supra, at 19-20, citing Adomeit, at 103. Such a holding "is in accord with the underlying policies governing Civ. R. 60(B) and, in particular, the fact that Civ. R. 60(B) is a remedial rule to be liberally construed so that the ends of justice may be served."Kay, at 20, citing Colley, supra, at 249.
 {¶ 48} Our review of appellants' Civ. R. 60(B) motion finds that appellants failed to allege facts, which if proven, would give rise to a meritorious defense or support appellants' alleged grounds for relief from judgment. Here, as discussed above, even if appellants had been granted an evidentiary hearing, appellants' claim that the trial court's default judgment was void ab initio is not supported by relevant precedent of the United States Court of Appeals for the Sixth Circuit. See Easley, supra. And, because appellants' claim that the trial court's default judgment was void ab initio is not supported by relevant precedent of the United States Court of Appeals for the Sixth Circuit, we find the trial court reasonably could have concluded that appellants lacked a meritorious defense or claim to present if the trial court were to have granted appellants the relief they requested in their Civ. R. 60(B) motion. Under such circumstances, we cannot conclude *Page 19 
that the trial court abused its discretion by failing to hold an evidentiary hearing to consider appellants' Civ. R. 60(B) motion.
 {¶ 49} Appellants' fourth assignment of error is therefore overruled.
 {¶ 50} Accordingly, having overruled appellants' first, second, third, and fourth assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas. Because a copy of the land installment contract between the Colliers and Painters relating to the property at issue, which US Bank included as an exhibit in an appendix to its appellate brief, was not included in the record below, we also grant appellants' motion to strike this copy of the land installment contract that US Bank appended to its appellate brief.
Judgment affirmed. Motion to strike granted.
PETREE and TYACK, JJ., concur.
T. BRYANT, J., retired, of the Third Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] Besides suing the Painters, US Bank sued Javene D. Collier; Anthony T. Collier; Franklin County (Ohio) Treasurer; Bankers Trust Company of California, N.A., as Trustee of Certificateholders of Bear Stearns Asset Backed Securities, Inc., Asset Backed Securities Series 2000-1 ("Bankers Trust"); and Drajb LLC, dba Blocks Bagel ("Drajb").
In its complaint, US Bank alleged that Bankers Trust and Drajb may claim interest in the property due to a mortgage and judgment lien, respectively, against the Painters, which were believed to have been paid, but not released of record. US Bank further alleged that the Franklin County Treasurer might claim an interest in the real property due to unpaid real estate taxes or assessments, or both.
[2] Our review finds that appellants filed their notice of appeal approximately three months after the trial court rendered judgment denying appellants' Civ. R. 60(B) motion. Our review further finds, however, no Civ. R. 58(B) endorsement by the trial court, or indication that the clerk of courts served the trial court's judgment upon the parties as required by Civ. R. 58(B). Absent any Civ. R. 58(B) endorsement and any evidence that the trial court's judgment was served upon the parties, we find appellants timely filed their appeal. See, generally, App. R. 4(A); In re Anderson, 92 Ohio St.3d 63, 67, 2001-Ohio-131.
In In re Anderson, the Supreme Court explained:
"* * * Civ. R. 58(B) requires the court to endorse on its judgment `a direction to the clerk to serve upon all parties * * * notice of the judgment and its date of entry upon the journal.' The clerk must then serve the parties within three days of entering judgment upon the journal. `The thirty-day time limit for filing the notice of appeal does not begin to run until the later of (1) entry of the judgment or order appealed if the notice mandated by Civ. R. 58(B) is served within three days of the entry of the judgment; or (2) service of the notice of judgment and its date of entry if service is not made on the party within the three-day period in Civ. R. 58(B).' * * *"
Id. at 67, quoting Whitehall ex rel. Fennessy v. Bambi Motel,Inc. (1998), 131 Ohio App.3d 734, 741, dismissed, appeal not allowed (1999), 85 Ohio St.3d 1476.
[3] R.C. 5313.02(C) provides that, "[w]ithin twenty days after a land installment contract has been signed by both the vendor and the vendee, the vendor shall cause a copy of the contract to be recorded as provided in section 5301.25 of the Revised Code and a copy of the contract to be delivered to the county auditor." R.C. 5301.25(A) requires a land installment contract to be recorded, and provides that, "[u]ntil so recorded or filed for record, [a land installment contract is] fraudulent insofar as they relate to a subsequent bona fide purchaser having, at the time of purchase, no knowledge of the existence of that former deed, land contract, or instrument."
[4] In Cook, the Supreme Court of Ohio further explained: "`It has been said that it is essential to the existence of a valid and effective lis pendens that three elements must be present: (1) The property must be of a character to be subject to the rule; (2) the court must have jurisdiction both of the person and the res; and (3) the property or res involved must be sufficiently described in the pleadings. It may be added that the litigation must be about some specific thing that must be necessarily affected by the termination of the suit.'" Id. at 37, quoting 25 Cyc. 1450. *Page 1