JOURNAL ENTRY AND OPINION
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct. Prac.R. II, Section 2(A)(1). *Page 2 
 {¶ 1} Defendant-appellant, Allstate Insurance Company ("Allstate"), appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 I. {¶ 2} According to the case, on August 10, 2005, plaintiff-appellee Randolph Grabowski ("appellee"), filed a complaint in small claims court seeking compensation for damages to his vehicle allegedly caused by Allstate. Allstate moved to have the case transferred from the Small Claims Division of the Garfield Heights Municipal Court to its regular docket. On August 30, 2005, Allstate's request was granted.
 {¶ 3} After the case was transferred to the municipal court's standard docket, pretrials were conducted on November 29, 2005 and December 27, 2005. Both parties were present on December 27, 2005 when the court scheduled a third pretrial for February 28, 2006. The pretrial was conducted, however, Allstate failed to appear. Accordingly, judgment was entered in appellee's favor by the court. Notice of the judgment entry was then emailed to defense counsel. The judgment entry entered on February 28, 2006 was a final appealable order. Accordingly, Allstate had until March 30, 2006 in which to appeal that judgment entry. Allstate failed to do so within the time allotted by the rules.
 {¶ 4} Instead, Allstate filed a motion for relief from judgment on April 17, 2006, approximately two weeks after the deadline had passed. The next day a *Page 3 
hearing on that motion was scheduled for May 31, 2006. Notification of that hearing was, again, emailed to both counsel. On May 31, 2006, appellee's counsel appeared for the hearing but Allstate again failed to do so. Accordingly, Allstate's motion for relief from judgment was denied.
 {¶ 5} On June 23, 2006, Allstate filed a motion for reconsideration of denial of motion for relief from judgment with the Garfield Heights Municipal Court. In that motion, Allstate asked the municipal court to reconsider its prior denial of its motion for relief from judgment. This motion had not been decided prior to the time that Allstate filed its appeal with this court on June 27, 2006.
 {¶ 6} According to the facts, this matter arises from a property damage claim filed by appellee relating to an allegation that Allstate stole his car. Allstate states that on December 20, 2004, appellee spoke with a representative of Allstate regarding his options for salvage title and made a claim. Allstate further states that the salvage process and necessary paperwork were explained to appellee. As expected, appellee disagrees with Allstate's version of what occurred, stating that Allstate is not his insurance carrier, and his car was taken without his knowledge or permission.
 II. {¶ 7} First assignment of error: "The trial court erred by granting a default judgment when appellant had previously appeared in the action, filed an answer denying appellee's claims and /or otherwise defended against such allegations." *Page 4 
 {¶ 8} Second assignment of error: "The trial court abused its discretion when it found that defendant was not entitled to relief from judgment pursuant to Civ.R. 60(B)."
 {¶ 9} Third assignment of error: "The trial court erred when it did not find that appellant had alleged a meritorious defense."
 {¶ 10} Fourth assignment of error: "The trial court erred when it did not find appellant's failure to appear to be excusable neglect."
 {¶ 11} Fifth assignment of error: "The trial court erred when it found that the defendant's motion to vacate default judgment was not made within a reasonable time."
 III. {¶ 12} In an appeal as of right, a notice of appeal in a civil or criminal case must be filed within 30 days after entry of the judgment or order appealed from on the journal of the lower court. App.R. 4(A). Timely filing of the notice of appeal is mandatory and jurisdictional with respect both to an appeal and a cross-appeal. See Kaplysh v.Takieddine (1988), 35 Ohio St.3d 170, 519 N.E.2d 382.
 {¶ 13} Appellant's first and fifth assignments of error deal specifically with the default judgment entry of February 28, 2006. The default judgment entry disposing of the case at bar at the trial court level was journalized on February 28, 2006. The February 28, 2006 judgment entry states the following: *Page 5 
 "This matter came before the court for a pretrial hearing. The plaintiff appeared and requested a continuance. Said motion was denied. The defendant failed to appear despite notice that failure to appear could result in the entry of judgment against it.
 "IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that judgment is granted in favor of the plaintiff and against the defendant in the amount of $3000.00 plus interest at the rate of 6% per annum and the costs incurred herein.
 "This entry constitutes a final, appealable order."
 {¶ 14} Allstate had 30 days after the judgment entry was journalized in which to file its appeal. Therefore, Allstate was required to file its notice of appeal on or before March 30, 2006. However, Allstate did not file its notice of appeal until June 27, 2006, well after the 30-day limit for appealing this order expired. Accordingly, the trial court's February 28, 2006 default judgment entry is not properly before this court. The time period for appealing that judgment entry expired on March 30, 2006, well before the June 27, 2006 filing of this appeal.
 {¶ 15} Allstate's first and fifth assignments of error deal specifically with the lower court's February 28, 2006 default judgment entry, and are, therefore, not properly before this court.
 {¶ 16} Accordingly, appellant's first and fifth assignments of error are overruled.
 {¶ 17} Appellant's second, third and fourth assignments of error are substantially interrelated and will, therefore, be addressed together. *Page 6 
 {¶ 18} As previously stated, the Garfield Heights Municipal Court's May 31, 2006 judgment entry denying Allstate's April 17, 2006 motion for relief from judgment is the only judgment entry before this court. The February 28, 2006 judgment entry is not properly before this court.
 {¶ 19} The procedure for obtaining any relief from a judgment shall be by motion as prescribed by Civ.R. 60(B). The Ohio Supreme Court has summarized the requirements necessary to warrant relief from judgment pursuant to Civ.R. 60(B) as follows:
 "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion was made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after judgment, order or proceeding was entered and taken."
Breen v. H K, Inc. (May 22, 1997), Cuyahoga App. No. 71018.
 {¶ 20} It is likewise well established that the determination whether to grant a Civ.R. 60(B) motion for relief from judgment is within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. Griffey v. Rajan (1987),33 Ohio St.3d 75, 514 N.E.2d 1122. To demonstrate an abuse of discretion to warrant reversal on appeal, appellant must establish the trial court committed more than an error of law or judgment and that its decision was unreasonable, arbitrary or unconscionable. See Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. Based on our review of the record, Allstate *Page 7 
failed to demonstrate that the trial court abused its discretion by denying the Civ.R. 60(B) motion.
 {¶ 21} In the present case, appellants' motion to vacate simply cited Civ.R. 60(B)(1), "for * * * (1) mistake, inadvertence, surprise or excusable neglect."[1] Allstate did not satisfy the Civ.R. 60(B) requirements in its brief, arguing that, "[t]his was an honest mistake on the part of defense counsel, and not an attempt to undermine the working of this honorable court. Defense counsel had been present before this honorable court prior to February 28, 2006, and her failure to appear on the date in question was due to an oversight, not an act of bad faith."[2]
 {¶ 22} Notice shall be deemed to have been provided once the clerk has served notice of the entry and made the appropriate notation on the docket. Hence, it is not the receipt of the notice that is controlling but whether a party would have been able to discover the court's order in the course of that party's duty to check the docket. Coleman v.Cleveland Sch. Dist Bd. of Edn., Cuyahoga App. Nos. 81674 81811, 2003-Ohio-880.
 {¶ 23} Appellant's motion did not specify any defense to appellee's claim. The motion merely sought to explain the failure to appear at the pretrial by arguing honest mistake and attaching an affidavit from counsel and an employee. Rather *Page 8 
than denying appellant's motion based on these defects, however, the trial court scheduled an evidentiary hearing for May 31, 2006, to provide an opportunity to satisfy the requirements of Civ.R. 60(B). However, Allstate failed to appear at the May 31, 2006 evidentiary hearing.
 {¶ 24} The record contains no evidence concerning the motion to vacate that would dispute the trial court's determination. An examination of the written motion and supporting affidavits reveals no evidence of sufficient operative facts to demonstrate (1) the existence of a meritorious claim or defense, or (2) sufficient grounds to warrant relief pursuant to Civ.R. 60 (B).
 {¶ 25} Allstate's motion to vacate merely requested that the trial court vacate its judgment entry because of an honest mistake and for the reasons set forth in the affidavits. Moreover, as noted above, appellant's motion did not identify any of the five specific grounds for relief under Civ.R. 60(B), but apparently argued that counsel's failure to attend the pretrial resulted from an honest mistake. Under the circumstances, Allstate has failed to demonstrate that the trial court abused its discretion by denying its motion to vacate judgment.
 {¶ 26} Accordingly, appellant's second, third, and fourth assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 9 
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., PRESIDING JUDGE
MELODY J. STEWART, J., CONCURS (SEE SEPARATE CONCURRING OPINION) AND MARY J. BOYLE, J., CONCURS WITH SEPARATE CONCURRING OPINION
[1] See Allstate's April 17, 2006 motion for relief from judgment, p. 2.
[2] See Allstate's April 17, 2006 motion for relief from judgment, p. 3.