JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App. R. 11.1 and Loc. R. 11.1, the trial court records, and briefs of counsel.
 {¶ 2} Defendant-appellant, John Curtis ("Curtis"), appeals the decision of the lower court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 I {¶ 3} On or about August 29, 2007, plaintiff-appellee, Landspan Corporation ("Landspan"), filed a complaint against Curtis for breach of lease. Curtis admits that he received the complaint and argues that he filed his answer pro se. However, contrary to Curtis's claim that he filed an answer pro se, no such entry appears upon the docket. On November 8, 2007, Landspan filed an application for default judgment. Curtis failed to answer and failed to appear at the December 20, 2007 default hearing. The lower court awarded default judgment to Landspan.
 {¶ 4} Later, in order to collect on its judgment, Landspan transferred the judgment to Cleveland Municipal Court and filed a bank garnishment. On May 2, 2008, Curtis filed a motion for relief from judgment. The lower court denied Curtis's motion on May 20, 2008. Curtis now appeals.
 II {¶ 5} Curtis's assignment of error provides the following: "The trial court erred when it denied the defendant's motion for relief from judgment." *Page 4 
 III {¶ 6} Curtis argues that the lower court erred when it denied his motion for relief from judgment. We do not find merit in his argument. Pursuant to Civ. R. 60(B), a movant must demonstrate three factors in order to obtain relief from judgment: (1) a meritorious defense or claim if relief is granted; (2) entitlement to relief under Civ. R. 60(B)(1)-(5); and (3) that the motion was filed within a reasonable time, with a maximum time being one year from the entry of judgment if the movant alleges entitlement to relief under Civ. R. 60(B)(1)-(3).GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146,351 N.E.2d 113, paragraph two of the syllabus.
 {¶ 7} These requirements are independent of one another and in the conjunctive. Strack v. Pelton, 70 Ohio St.3d 172, 174, 1994-Ohio-107,637 N.E.2d 914. Thus, if the movant fails to satisfy any one of these requirements, the trial court must deny the motion. Id.
 {¶ 8} The standard of review used to evaluate the trial court's decision to deny or grant a Civ. R. 60(B) motion is an abuse of discretion. State ex rel. Russo v. Deters, 80 Ohio St.3d 152, 153,1997-Ohio-351, 684 N.E.2d 1237. An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 9} Here, Curtis admits that he received the complaint. In addition, contrary *Page 5 
to Curtis's claims that he filed an answer pro se, the lower court's docket does not reflect that an answer was filed. There is no time-stamped copy of any document from Curtis in the lower court's file. Curtis did send a letter to Landspan's counsel regarding the lawsuit; however, appellant did not deny the amount due and owing in the letter.
 {¶ 10} Curtis's assertions that the lower court erred in its ruling on the motion are unpersuasive. Curtis ignored repeated court notices to either file an answer or appear at hearings; ignored a notice sent by certified mail, return receipt requested, for which he signed; and failed to appear for either the case management conference or the default judgment hearing. Curtis was even notified by the lower court that it had not received his letter and that, even if it had, the lower court would not consider it an "answer" as it did not address the allegations in the complaint.
 {¶ 11} On or about September 29, 2007, the lower court issued a notice to both Curtis and Landspan that a case management conference was set for November 8, 2007 at 9:15 a.m.[1] Landspan's counsel appeared at the case management conference; however, Curtis failed to appear. Landspan's counsel brought the letter that he had received to the attention of the lower court. The trial court reviewed its docket and found that it had not received the letter. After the case management conference, on November 9, 2007, the trial court issued an order *Page 6 
notifying defendant that he had not filed an answer. The trial court further informed Curtis that if it did not receive an answer it would likely hold a default hearing on December 20, 2007.
 {¶ 12} Landspan served its application for default judgment upon Curtis. In the letter serving the notice, Curtis was notified that if he did not appear at the December 20, 2007 default judgment hearing, judgment could be rendered against him. The letter was sent via certified mail, return receipt requested. Curtis signed for the letter. Curtis failed to appear at the December 20, 2007 default judgment hearing. He also failed to file a proper answer with the trial court.
 {¶ 13} As previously stated, Landspan transferred the judgment to Cleveland Municipal Court and filed a bank garnishment. Curtis apparently filed an objection to the bank garnishment with the Cleveland Municipal Court as the court set a hearing on the objection. However, Curtis failed to appear at the municipal court hearing on the objection.
 {¶ 14} A party has a general duty to check the docket and to keep himself current regarding the status of the case. State v. Vernon, Lake App. No. 2006-L-146, 2007-Ohio-3376. Curtis had a duty to keep apprised of the docket, including the motions filed by Landspan and the various scheduled court dates for which he failed to appear.
 {¶ 15} We find Curtis failed to provide a meritorious defense and failed to show why he would be entitled to relief under Civ. R. 60(B). In addition, we find that the *Page 7 
trial court did not abuse its discretion in denying the motion.
 {¶ 16} Accordingly, Curtis's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, A.J., and CHRISTINE T. McMONAGLE, J., CONCUR.
[1] See Landspan's memorandum in opposition to Curtis's motion for relief from judgment ("plaintiffs position") at Ex. B. *Page 1