[Cite as *J.P. Morgan Chase Bank v. Macejko*, 2010-Ohio-3152.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| J.P. MORGAN CHASE BANK, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | CASE NOS. 07-MA-148 |
| | ) | 08-MA-242 |
| ALMA MACEJKO, ET AL., | ) | |
| | ) | OPINION |
| DEFENDANTS-APPELLANTS. | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from Court of Common
Pleas of Mahoning County, Ohio
Case No. 05CV3114

JUDGMENT:     Affirmed

APPEARANCES:
For Plaintiff-Appellee     Attorney Jerry M. Bryan
Attorney Jeremy R. Teaberry
6 Federal Plaza Central, Suite 1300
Youngstown, Ohio 44503

For Defendants-Appellants     Atty. James E. Lanzo
4126 Youngstown-Poland Rd.
Youngstown, Ohio 44514

Atty. T. Robert Bricker
106 South Broad Street
Canfield, Ohio 44406

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: June 30, 2010

DONOFRIO, J.

{¶1}   Defendants-appellants, Alma Macejko, et al, appeal decisions of the Mahoning County Common Pleas Court awarding summary judgment in favor of plaintiff-appellee J.P. Morgan Chase Bank (Chase) on its claims of fraudulent transfers and the court's subsequent decision denying their motion for relief from that judgment.

{¶2}   In 2002, Chase obtained and recorded a $436,350.30 judgment against Patricia Macejko, Donald Macejko (Patricia's husband), DWT Realty, Inc. (whose statutory agent is Donald Macejko), and Mary Ann Barnett.

{¶3}   On August 24, 2005, Chase sued defendants-appellants herein Patricia Macejko, Billie Jo Brown, Alma Macejko, and Stanley Zedek (hereinafter collectively referred to as appellants) for four counts of fraudulent transfer under R.C. Chapter 1336 (Ohio Uniform Fraudulent Transfer Act). (Docket 1.)  While attempting to collect on the aforementioned judgment, Chase contended that Patricia Macejko and others made several fraudulent transfers in order to avoid collection on the judgment including as follows.  Patricia Macejko owned real estate located at 6952 Kildeer Drive in Canfield, Ohio.  Foreclosure proceedings were instituted with respect to the property.  Defendant-appellant Billie Jo Brown purchased the property at sheriff's sale in January 2005 with funds allegedly diverted to her by Patricia Macejko.  Patricia allegedly used funds she had hidden away in her maiden name.  Billie Jo Brown then transferred the property to defendant-appellant Stanley Zedek in November 2005, without consideration.

{¶4}   Patricia Macejko also allegedly transferred funds to Billie Jo Brown in Scottrade, a discount retail brokerage firm, for the benefit of herself.  She also gave Stanley Zedek a security interest in her personal belongings and transferred cash to him which he utilized to purchase real estate located at 2521 Redgate Lane in Youngstown, Ohio.

{¶5}   Chase submitted requests for admissions, interrogatories, and requests for production of documents to each of the appellants.

**{¶6}** On March 31, 2006, Chase filed a motion for summary judgment. (Docket 59.) In support, Chase attached the affidavit of Esther Bullock, an assistant vice president with Chase. In her affidavit, Bullock detailed the alleged fraudulent transfers and referenced numerous documents by attachment to support Chase's claims. The trial court initially granted Chase's motion and appellants then subsequently filed a belated memorandum in opposition to summary judgment. (Docket 60, 70.) However, upon appellants' motion, a magistrate vacated that judgment because appellants had not been given an adequate opportunity to respond to Chase's motion for summary judgment. (Docket 62, 74.) In that same entry, the magistrate went on to set Chase's summary judgment motion for non-oral hearing on August 24, 2006.

**{¶7}** The magistrate granted Chase summary judgment on October 19, 2006. (Docket 121.) The magistrate issued a detailed twelve-page decision. The magistrate deemed appellants' failure to respond to discovery requests as admissions and noted that their memorandum in opposition to summary judgment contained only broad, sweeping statements lacking any evidentiary support.

**{¶8}** On November 2, 2006, appellants filed objections to the magistrate's decision. (Docket 128.) The attorney who prepared the objections argued: (1) he had not had enough time to familiarize himself with the case;[1] (2) the magistrate had failed to issue findings of fact and conclusions of law (despite the detailed twelve-page decision); and (3) appellants had in fact responded to discovery requests.

**{¶9}** On November 14, 2006, appellants filed a motion to stay the proceedings because Patricia Macejko had filed for bankruptcy in case no. 06-15797. (Docket 133.) The trial court sustained the motion two days later. (Docket 134.)

---

1. It appears that the attorney who filed the motion to vacate was at least the third attorney to have represented appellants in this matter. A previous attorney requested permission to withdraw as counsel because they had failed and refused to pay his fee and placed conditions on the payment of that fee that were unacceptable. (Docket 51.) The attorney also complained that appellants had failed to follow advice of counsel and had made statements of their intended course of action and that such intended course of action would be detrimental to their interests in this case.

**{¶10}** On April 23, 2007, Chase filed a motion to reinstate the case to the active docket. (Docket 138.) Chase argued that the automatic stay in Patricia Macejko's case no. 06-15797 had expired by operation of law, citing Section 362(c)(3), Title 11, U.S.Code. The trial court returned the case to the active docket on May 16, 2007. (Docket 139.)

**{¶11}** The trial court held a hearing on appellants' objections on July 17, 2007. (Docket 143.) On July 26, 2007, the trial court adopted the magistrate's decision. (Docket 141.) Appellants appealed that decision under appellate case 07-MA-148.

**{¶12}** On August 22, 2007, appellants filed a motion to vacate the trial court's July 26, 2007 decision and Chase filed a reply brief in opposition. (Docket 147, 166.) The *sole* basis of the motion was that a bankruptcy stay in Patricia Macejko's case no. 06-15797 was still in place at the time the trial court entered its order adopting the magistrate's decision. The trial court overruled the motion on October 30, 2008. (Docket 169.) Appellants also appealed that decision this time under appellate case number 08-MA-242. Subsequently, this court consolidated both appeals.

**{¶13}** In their first appeal (case number 07-MA-148), appellants' sole assignment of error states:

**{¶14}** "THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT, AS APPELLANT WAS NOT GIVEN AN OPPORTUNITY TO RESPOND, THUS DENYING APPELLANT'S DUE PROCESS."

**{¶15}** The trial court initially granted Chase's summary judgment motion. (Docket 60.) However, upon appellants' motion, a magistrate vacated that judgment because appellants had not been given an adequate opportunity to respond to Chase's motion for summary judgment. (Docket 62, 74.) Appellants argue that after vacating that judgment, the trial court did not notify the parties when it would proceed to rule upon Chase's summary judgment motion.

**{¶16}** Contrary to appellants' assertion, the trial court clearly stated when Chase's summary judgment motion would be ruled upon. In the judgment entry

vacating the previous award of summary judgment in Chase's favor, the magistrate concluded the entry by stating, "Finally, a non-oral hearing will be held on August 24, 2006 at 7:00 A.M. upon plaintiff's motion for summary judgment." (Docket 74.) That entry was filed on July 20, 2006. Therefore, appellants had thirty-four days to file a further or renewed response to Chase's summary judgment motion. In sum, appellants' were given notice and ample time within which to file an additional or renewed responsive motion.

{¶17} Appellants also assert that the trial court granted their motion for additional time the same day that it awarded Chase summary judgment, implying that the trial court gave them additional time within which to file an additional or renewed responsive motion to Chase's summary judgment motion. The record simply does not support this contention. The same day the trial court granted Chase summary judgment, appellants filed a motion to continue the hearing set for October 17, 2006. The hearing set for October 17, 2006, pertained to three show cause motions. The trial court re-set the show cause hearing for October 23, 2006. Appellants asked for additional time again and the trial court re-set the show cause hearing for November 28, 2006. The show cause hearing had nothing to with Chase's summary judgment motion. The August 24, 2006 date set by the magistrate for non-oral hearing on Chase's summary judgment motion remained intact and unaffected. Appellants' motion for additional time pertained only to the show cause hearings.

{¶18} Turning to appellants' last argument under this assignment of error, the trial court granted Chase's summary judgment based, in part, on appellants' failure to respond to Chase's request for admissions. Under Civ.R. 36, a party's failure to respond to request for admissions results in the admissions being deemed true. On November 2, 2006, after the trial court had awarded Chase summary judgment, appellants filed a "NOTICE OF FILING ACTUAL RESPONSES TO PLAINTIFF'S REQUEST FOR DISCOVERY." (Docket 127.) Based upon this filing, appellants argue that the trial court should have allowed them to amend their responses to requests for admissions.

**{¶19}** As to written admissions, Civ.R. 36(A) provides that, "[t]he matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service thereof or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney." Thus, if a party does not timely respond to a request for admissions, those matters are deemed admitted and may be used against the party for summary judgment purposes. *Colonial Credit Corp. v. Dana*, 7th Dist. No. 06-MA-100, 2007-Ohio-597, ¶13.

**{¶20}** Civ.R. 36(B) goes on to state, "Any matter admitted under Civ.R. 36 is conclusively established unless the court on motion permits withdrawal or amendment of the omission." "The decision to grant or deny a motion to withdraw and/or amend an admission is within the discretion of the trial court." *Abuhilwa v. Corrections Medical Center*, 10th Dist. No. 08AP-642, 2008-Ohio-6915, ¶11.

**{¶21}** Civ.R. 36(B) further states, "the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits."

**{¶22}** "Civ.R. 36(B) sets forth a two part test which the trial court can consider for its decision making purposes as to whether an admission may be withdrawn or amended. Note the language of Civ.R. 36(B), stating that the court *may* permit withdrawal or amendment when the elements of the two part test are satisfied. Nowhere does it say the court must permit withdrawal or amendment. This language denotes that the decision to allow withdrawal or amendment of an admission is purely within the discretion of the trial court. Thus, absent a clear showing that the trial court's attitude was unreasonable, arbitrary or unconscionable, no error will be found." *Sullinger v. Moyer* (Aug. 6, 1997), 7th Dist. No. 96 C.A. 152.

**{¶23}** In August 2005, appellants were served with requests for admissions along with an order for expedited discovery requiring responses within eight days of service thereof, in advance of a preliminary injunction hearing. (Docket 2, 3, 4, 6, 7, 16.) Appellants did not respond to the requests for admissions. Seven months later, Chase filed its motion for summary judgment. Appellants still had not responded to the requests for admissions. When the magistrate awarded Chase summary judgment on October 19, 2006, appellants still had yet to respond to the requests for admissions. Not until November 2, 2006, did appellants file a "NOTICE OF FILING ACTUAL RESPONSES TO PLAINTIFF'S REQUEST FOR DISCOVERY." (Docket 127.)

**{¶24}** Appellants' failure to timely respond to Chase's request was without justification and showed a lack of diligence on appellants' behalf. See *Clause v. Freshwater* (June 30, 1998), 7th Dist. No. 97-JE-37 (finding untimely responses presented nine days before trial prejudicial to plaintiff). We recognize the importance of having an action decided upon the merits, and the adverse effect of the trial court's decision has on appellants. See id. However, we must also take into account the fact that Chase was justified in presuming that the matters had been admitted by appellants and in relying on the admissions when it moved for summary judgment. See id. Allowing the untimely responses, which were submitted over a year after they were due, would have been prejudicial to Chase. See id. For all of the foregoing reasons, the trial court's decision that the request for admissions be deemed admitted was not an abuse of discretion.

**{¶25}** Accordingly, appellants' sole assignment of error under case number 07-MA-148 is without merit.

**{¶26}** In their second appeal (case number 08-MA-242), appellants' sole assignment of error states:

**{¶27}** "THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANTS' MOTION TO VACATE JUDGMENT."

**{¶28}** Appellants argue that the trial court's judgment against them must be "overruled" because Donald Macejko was not made a party to the case and Chase contended that he facilitated the alleged fraudulent transfers. They argue that "[a] party's claim of fraudulent transfer will fail if a party fails to prove the underlying fraud." As grounds to vacate the trial court's judgment, appellants again argue that a bankruptcy stay was in effect at the time the judgment was entered.

**{¶29}** A trial court may only grant relief from judgment in the manner provided by Civ.R. 60. *In re Estate of Dotson*, 7th Dist. No. 01-CA-97, 2002-Ohio-6889, at ¶18. The standard of review used to evaluate the trial court's decision to deny or grant a Civ.R. 60(B) motion is abuse of discretion. *Preferred Capital, Inc. v. Rock N Horse, Inc.*, 9th Dist. No. 21703, 2004-Ohio-2122, at ¶9. "'Abuse of discretion' means unreasonable, arbitrary, or unconscionable." *State ex rel. Cranford v. Cleveland*, 103 Ohio St.3d 196, 2004-Ohio-4884, 814 N.E.2d 1218, ¶24.

**{¶30}** The Ohio Supreme Court set out the controlling test for Civ.R. 60(B) motions in *GTE Automatic Elec., Inc. v. Arc Industries, Inc.* (1976), 47 Ohio St.2d 146, 351 N.E.2d 113. The court stated:

**{¶31}** "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." Id. at paragraph two of the syllabus.

**{¶32}** The grounds for relief under the second *GTE* element are:

**{¶33}** "(1) [M]istake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon

which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment." Civ.R. 60(B).

**{¶34}** In this case, appellants' motion to vacate failed to satisfy the first two prongs of *GTE* – (1) that they had a meritorious defense or claim to present if relief is granted and (2) that they were entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5). As for the first prong, appellants' motion simply did not set forth any defense that they thought they might present in response to Chase's claims of fraudulent transfer. In other words, they offered no substantive defense to Chase's claims of fraudulent transfers.

**{¶35}** Turning to the second prong, the only ground that might apply to appellants is Civ.R. 60(B)(5)'s catch-all provision – "any other reason justifying relief from the judgment." Appellants argue that the trial court's judgment against them must be "overruled" because Donald Macejko was not made a party defendant to the case and Chase contended that he facilitated the alleged fraudulent transfers. They argue that "[a] party's claim of fraudulent transfer will fail if a party fails to prove the underlying fraud."

**{¶36}** "It is well-settled that an appellant cannot present new arguments for the first time on appeal. *Havely v. Franklin Cty. Ohio,* 10th Dist. No. 07AP-1077, 2008-Ohio-4889, fn. 3, quoting *State ex rel. Gutierrez v. Trumbull Cty. Bd. of Elections* (1992), 65 Ohio St.3d 175, 177, 602 N.E.2d 622; see also *Republic Steel Corp. v. Bd. of Revision of Cuyahoga Cty.* (1963), 175 Ohio St. 179, 192 N.E.2d 47, syllabus; *Miller v. Wikel Mfg. Co., Inc.* (1989), 46 Ohio St.3d 76, 78, 545 N.E.2d 76. Indeed, appellate courts typically will not consider arguments that were never presented to the trial court whose judgment is sought to be reversed. See *State ex rel. Quarto Mining Co. v. Foreman* (1997), 79 Ohio St.3d 78, 81, 679 N.E.2d 706, quoting *Goldberg v. Indus. Comm.* (1936), 131 Ohio St. 399, 404, 3 N.E.2d 364. Finally, with specific regard to Civ.R. 60(B), 'a movant may not use the arguments lost in the underlying judgment to justify relief from that judgment.' *City of Streetsboro*

*v. Encore Homes,* 11th Dist. No.2002-P-0018, 2003-Ohio-2109, ¶10, citing *Elyria Twp. Bd. of Trustees v. Kerstetter* (1993), 91 Ohio App.3d 599, 603, 632 N.E.2d 1376; see also *State ex rel. Elyria v. Trubey* (1983), 24 Ohio App.3d 44, 493 N.E.2d 254." *Brewer v. Brewer*, 10th Dist. No. 09AP-146, 2010-Ohio-1319, ¶23.

{¶37} Applying these rules of appellate law to the arguments presented herein, it becomes clear that we need not consider appellants' arguments concerning the absence of Donald Macejko as a party defendant. This argument was not raised before the trial court in appellants' motion to vacate. Because appellant failed to raise this argument before the trial court, we find that he has waived it on appeal. We cannot find that the trial court abused its discretion in denying Civ.R. 60(B) relief based upon arguments that were never presented to it. *Brewer*, supra,

{¶38} The *sole* basis of appellants' motion to vacate was that there was a bankruptcy stay in Patricia Macejko's case no. 06-15797 in effect at the time the trial court entered its judgment. However, Chase's reply brief provided evidence to the contrary. Exhibit A, attached to the brief, is an order by the bankruptcy court in Patricia's case clearly stating that the stay terminated on the "30th day after November 13, 2006." This date was well before the trial court entered its judgment. Although the order reflects that the matter of when the stay expired had been the subject of some dispute, it nevertheless clearly stated when it expired. Therefore, there was no bankruptcy stay in effect at the time the trial court entered its judgment on July 26, 2007. Even if there had been a bankruptcy stay in effect, at least one court has held that when a bankruptcy stay was in effect at the time when a judgment was entered but was later lifted before the filing of a motion to vacate the judgment, using the bankruptcy stay as a basis for a Civ.R. 60(B) motion was rendered moot and a trial court does not abuse its discretion in denying the motion to vacate. *US Bank Natl. Assn v. Collier*, 10th Dist. No. 08AP-207, 2008-Ohio-6817.

{¶39} Accordingly, appellants' sole assignment of error under case number 08-MA-242 is without merit.

{¶40} The judgment of the trial court awarding summary judgment in favor of Chase on its claims of fraudulent transfers (appellate case number 07-MA-148) and the court's subsequent decision denying their motion for relief from that judgment (appellate case number 08-MA-242) are hereby affirmed.

Waite, J., concurs.

DeGenaro, J., concurs.