[Cite as *FIA Card Servs. v. Marshall*, 2010-Ohio-4244.]

STATE OF OHIO, CARROLL COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| FIA CARD SERVICES, N.A. fka<br>MBNA AMERICA BANK, N.A., | ) | |
| | ) | CASE NO.    10 CA 864 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS. - | ) | O P I N I O N |
| | ) | |
| JON MARSHALL, DO, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |


CHARACTER OF PROCEEDINGS:       Civil Appeal from Common Pleas Court,
                                Case No. 09CVH25886.


JUDGMENT:                       Affirmed.


APPEARANCES:
For Plaintiff-Appellee:         Attorney James Oh
                                Attorney William McCann
                                1100 Superior Avenue, 19th Floor
                                Cleveland, Ohio  44114-2531


For Defendant-Appellant:        Attorney Michael Hiener
                                P.O. Box 1
                                Jefferson, Ohio  44047


JUDGES:
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite
Hon. Mary DeGenaro


                                Dated:  September 7, 2010

VUKOVICH, P.J.

¶{1}  Defendant-appellant Jon Marshall, DO, appeals the decision of the Carroll County Common Pleas Court granting summary judgment to plaintiff-appellee FIA Card Services, N.A and denying his motion asking the court to reconsider its prior order that found FIA's request for admissions to be admitted.  Marshall admits that he did not timely respond to FIA's request.  However, he argues that since he never received notice of the trial court's order granting him a thirty day extension to respond, the trial court should have granted his motion to withdraw the admissions notwithstanding the fact that he did not respond to the request for admissions within the time period extended by the trial court.  Following that logic, he contends that the grant of summary judgment based on the admissions should not have been granted. FIA disagrees arguing that pursuant to Civ.R. 36(A) the admissions were proper and that it was Marshall's obligation to check with the clerk to determine if his request for an extension had been granted.  We find that when a party is faced with a procedural time limitation and requests an extension of that time from the court, that party must either assure themselves that the extension was granted, or file a response within the applicable time limitation.  Here, Marshall did neither.  Accordingly, we cannot find that the trial court's decision to grant the motion for summary judgment and deny the request to withdraw the admissions was in error.  For the reasons stated below, the judgment of the trial court is affirmed.

STATEMENT OF CASE

¶{2}   FIA filed a complaint against Marshall for money owed on a credit card issued by FIA.  04/13/09 Complaint.  Marshall answered denying all claims.  On August 12, 2009, FIA filed a "Notice of Service of Plaintiff's First Set of Interrogatories, Requests for Production of Documents and Requests for Admissions" indicating that the requests were served on Marshall on August 10, 2009.  Responses were due twenty-eight days thereafter, on September 7, 2009.  Approximately a week after the deadline for responses had passed, Marshall requested a thirty day extension to file responses.  09/15/09 Motion.  The trial court granted the motion that same day. 09/15/09 J.E.

¶{3} Marshall did not respond by the due date of October 15, 2009, and thus, on October 21, 2009, FIA filed a motion requesting the trial court to deem the admissions admitted pursuant to Civ.R. 36(A). FIA also filed a motion for summary judgment that same day based on the admissions.

¶{4} The trial court granted FIA's request to deem the admissions admitted on October 26, 2009. The following were admitted:

¶{5} "14. Admit that you used the credit card which is the subject of this action.

¶{6} "16. Admit that you made an application for the account which is the subject of this action.

¶{7} "20. Admit that you received periodic statements of your account with Plaintiff.

¶{8} "22. Admit that the balance due and owing on the account which is the subject of this action is the amount set forth in Plaintiff's Compliant.

¶{9} "24. Admit that the payments required by the credit card agreement were not made in a timely manner.

¶{10} "26. Admit that Plaintiff properly accelerated the time for payment of the entire balance due and owing on the account which is the subject matter of this action.

¶{11} "42. Admit that you did not have credit insurance on the account which is the subject of this action." FIA's First Set of Interrogatories, Requests for Production of Documents and Request for Admissions attached to FIA's 10/21/09 Motion to Deem Admissions Admitted.

¶{12} The trial court, on that same date, also scheduled a hearing for November 23, 2009 for the summary judgment motion.

¶{13} On November 9, 2009, Marshall filed a motion requesting that the trial court extend the time to respond to FIA's request for discovery, to reconsider its ruling that the admissions were deemed admitted, and also asked the court to stay its consideration of the summary judgment motion until the discovery issues were resolved. In the motion, Marshall claimed that he never received notice of the trial court's September 15, 2009 order granting him an additional thirty days to respond to discovery. He claimed that in addition to not receiving that order he had not received

other orders from the court. FIA filed a motion in opposition to the above motion contending that the court was not required to provide notice to Marshall of the thirty day extension and that it is the general duty of the party to check the docket to keep himself current on the status of the case.

¶{14} Marshall additionally filed a motion in opposition to the motion for summary judgment. In that motion he once again argued that the summary judgment decision should be stayed until the discovery issues were resolved. Attached to the motion is an envelope that Marshall contended contained the October 26, 2009 notice of the November 23, 2009 summary judgment hearing, which he claimed he did not receive until November 16, 2009. The envelope shows a postmark date of November 12, 2009. He asserted in the motion that this envelope demonstrates his lateness in receiving orders and the difficulty he has had in receiving orders from the trial court.

¶{15} On December 8, 2009 the trial court issued two orders. It denied Marshall's motion for extension, motion to reconsider, and motion to stay; and it granted FIA's motion for summary judgment and ordered Marshall to pay $39,226.84 plus interest at the statutory rate to FIA. Marshall timely appealed.

### ASSIGNMENT OF ERROR

¶{16} "THE TRIAL COURT ERRED WHEN IT GRANTED APPELLEE'S MOTION FOR SUMMARY JUDGMENT."

¶{17} Although the assignment of error speaks of summary judgment, the focus of the arguments are not on whether there was a genuine issue of material fact and/or whether the party was entitled to judgment as a matter of law, rather the focus is on the admissions.

¶{18} The Ohio Supreme Court, in discussing Civ.R. 36 (the rule for admissions), has stated that:

¶{19} "Civ.R. 36 requires that when requests for admissions are filed by a party, the opposing party must timely respond either by objection or answer. Failure to respond at all to the requests will result in the requests becoming admissions. Under compelling circumstances, the court may allow untimely replies to avoid the admissions. * * * A request for admission can be used to establish a fact, even if it goes to the heart of the case. This is in accord with the purpose of the request to

admit-to resolve potentially disputed issues and thus to expedite the trial." *Cleveland Trust Co. v. Willis* (1985), 20 Ohio St.3d 66, 67.

**¶{20}** Here, Marshall failed to timely respond to the request for admissions after he had sought and received an extension of time to respond. Therefore, clearly under Civ.R. 36, the trial court was permitted to deem the admissions admitted.

**¶{21}** Marshall attempted to move for relief from the conclusive effect of the failure to respond to the request for admissions pursuant to Civ.R. 36(B) by filing a motion for reconsideration and another extension to file responses. See *Mannesmann Dematic Corp. v. Material Handling Services, Inc.* (Dec. 16, 1999), 8th Dist. No. 76256.

**¶{22}** Civ.R. 36(B) discusses when withdrawal or amendment is permitted:

**¶{23}** "Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provisions of Civ.R. 16 governing modification of a pretrial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice the party in maintaining his action or defense on the merits."

**¶{24}** The decision to grant or deny a motion to withdraw and/or amend an admission is within the discretion of the trial court. *J.P. Morgan Chase Bank v. Macejko*, 7th Dist. Nos. 07MA148 and 08MA242, 2010-Ohio-3152, ¶20. The clear language of the rule does not require the trial court to withdraw or amend the admission even if the test for allowing withdrawal or amendment is shown. Id. at ¶22.

**¶{25}** In *J.P. Morgan*, we found that the trial court did not abuse its discretion when it denied the request to amend the admissions. Appellants did not respond to the admissions. Seven months after they were due, Chase moved for summary judgment. Appellants still made no attempt at that point to respond to the request for admissions. Months later, the magistrate awarded summary judgment to Chase, and appellants still did not respond to the request for admissions. It was not until about a month after that award (almost a year after the admissions were due) that appellants attempted to amend the admissions. Id. at ¶23. While we recognized the importance of having an action decided on the merits, we stated that given the facts, "Appellants'

failure to timely respond to Chase's request was without justification and showed a lack of diligence." Id. at ¶24. Consequently, we found that it would have been prejudicial to Chase to allow the amendment. Id.

¶{26} Here, we do not have the extended period of time that was present in *J.P. Morgan*. Within a month of when the responses to admissions were due, FIA moved for the admissions to be admitted, which was granted; moved for summary judgment, and Marshall filed a motion asking the court to reconsider its prior decision to admit the admissions due to a lack of response. However, the record reflects that Marshall was consistently untimely in his filings. It took Marshall 64 days to answer the complaint. His responses to interrogatories were due September 7, 2009, yet, he did not request a thirty day extension of time until September 15, 2009.

¶{27} Marshall attempts to justify the timeliness problems by contending that he was never served with the trial court's decision granting his September 15, 2009 motion for a thirty day extension of time to respond to discovery. He also indicates that he was having trouble receiving trial court orders and offers an envelope that the October 26, 2009 notice of hearing was allegedly sent in, which was postmarked November 12, 2009.

¶{28} However, this justification does not warrant a finding that the trial court abused its discretion in failing to allow Marshall to withdraw the admissions. FIA points this court to case law that has held that "[a] party has a general duty to check the docket and to keep himself current regarding the status of the case." *Landspan Corp. v. Curtis*, 8th Dist. No. 91664, 2008-Ohio-6292, ¶14 (used in the context of discussing Civ.R. 6(B)); *State v. Vernon,* 11th Dist. No.2006-L-146, 2007-Ohio-3376, ¶23 (used in the context of information on the release of an applicable Ohio Supreme Court decision). The Eighth Appellate District, in holding as such, typically makes that statement after stating:

¶{29} "Notice shall be deemed to have been provided once the clerk has served notice of the entry and made the appropriate notation on the docket. Hence, it is not the receipt of the notice that is controlling but whether a party would have been able to discover the court's order in the course of that party's duty to check the docket." *Grabowski v. Allstate Ins. Co.*, 8th Dist. No. 88383, 2007-Ohio-2765, ¶22.

See, also, *Bank of New York v. Jordan*, 8th Dist. No. 88619, 2007-Ohio-4293, ¶28; *Automated Solutions Corp. v. Paragon Data Sys., Inc.*, 167 Ohio App.3d 685, 2006-Ohio-3492, ¶59-60 citing *State Farm Mut. Auto. Ins. Co. v. Peller* (1989), 63 Ohio App.3d 357, 359-360 (discussing due process and notification of trial date).

¶{30} While the docket shows that the judgment entry granting the motion for extension of time was filed, it does not contain any notation that it was served on the parties. Likewise, the judgment entry does not contain a notation to serve the parties or an indication from the clerk that the judgment was sent to the parties. That said, there is no requirement that the judgment entry granting the extension was required to contain a notation to serve the parties. Civ.R. 58(B) does provide that the court shall endorse a direction to the clerk to serve all parties and that the clerk is required to serve the parties in compliance with Civ.R. 5(B) within three days of entering the judgment on the journal. However, that rule applies to "Judgments" from which an appeal lies as provided in section R.C. 2505.02. Civ.R. 54(A); Civ.R. 58(A). While an appeal lies from the summary judgment ruling, it does not lie from the grant or denial of a motion to extend the time limits to respond to a request for admissions. Furthermore, as the docket shows the trial court's grant of an extension, "the party would have been able to discover the court's order in the course of that party's duty to check the docket." *Grabowski*, supra, at ¶22.

¶{31} Considering all the above, we cannot find that the trial court abused its discretion in denying the request to withdraw the admissions. As stated above, even if the party can show that the test in Civ.R. 36 for allowing an amendment or withdrawal is shown, the court is not required to permit the withdrawal. *J.P. Morgan*, supra, at ¶22. While we recognize that it is a "basic tenet of Ohio jurisprudence that cases should be decided on their merits," the facts of this case do not support the conclusion that withdrawal was warranted. *Perotti v. Ferguson* (1983), 7 Ohio St.3d 1, 3 (stating the basic tenet). A number of Marshall's filings were late. Furthermore, because he was waiting on a ruling on his own motion for an extension to respond to discovery, Marshall's duty to check the docket for the progress of his case was crucial to his case. He should have either called to check the status of the extension motion or filed his responses within the time requested. The effect of not timely filing responses to

the request for admissions effectively defeats any attempt to defend the case; the admissions quoted above establish each element of the cause of action. Hence, the trial court's denial of the request for an extension or the trial court's failure to rule on a motion, which would mean that the motion was overruled, substantially affects his case. As such, given the situation, we find that there was a lack of due diligence on the part of Marshall and no sufficient justification. See, *J.P. Morgan*, supra. The sole assignment of error is without merit.

¶{32} For the foregoing reasons, the judgment of the trial court is hereby affirmed.

Waite, J., concurs.
DeGenaro, J., concurs.