[Cite as *Rizk v. Droco Roofing*, 2026-Ohio-943.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| EILEEN RIZK, | : | |
| Plaintiff-Appellee, | : | No. 115331 |
| v. | : | |
| DROCO ROOFING, | : | |
| Defendant-Appellant. | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 19, 2026

Civil Appeal from the Parma Municipal Court
Case No. 24CVI03779

## *Appearances:*

Mastrantonio & Orlando, LLP, and Steven W. Mastrantonio, *for appellant*.

Milton and Charlotte Kramer Law Clinic, Case Western Reserve University School of Law, Andrew S. Pollis, Supervising Attorney, and Christopher M. Doyle and Liberty A. York, Legal Interns, *for appellee*.

SEAN C. GALLAGHER, J.:

{¶ 1}   Defendant-appellant Droco Roofing ("Droco") appeals from the trial court's decision denying its motion to vacate judgment.  Upon review, we affirm.

{¶ 2}   On August 30, 2024, plaintiff-appellee Eileen Rizk filed a small-claims complaint alleging defective roofing work was performed by Droco on her home.  Droco twice requested and was granted a continuance of the trial date. Rizk appeared and provided evidence at the small-claims hearing on December 4, 2024, but neither Droco nor its counsel appeared.  The magistrate issued a decision on December 4, 2024.  In an entry journalized on December 31, 2024, the trial judge adopted the magistrate's decision, issued judgment in favor of Rizk, and awarded her $6,000 plus interest and costs.

{¶ 3}   On January 17, 2025, Droco filed a motion to vacate judgment.  Droco argued its failure to appear at the small-claims hearing was the result of excusable neglect.  Droco claimed that when the second continuance of the hearing date was granted, its counsel was in the process of moving his law office to a new location and, "due to the move and the disruption associated with it," counsel's office did not calendar the rescheduled hearing date.  Further, Droco maintained that "neither Defendant's counsel [nor] Droco received a copy of the magistrate's decision" and that its counsel did not receive the judgment entry.  After Droco informed counsel of its receipt of the judgment entry, the motion to vacate judgment was filed.  Droco asserted that when its counsel contacted the clerk of court to inquire about why service copies were not provided, its counsel was informed that counsel's new

address had not been updated. Droco attached affidavits in support of its motion. The motion was opposed by Rizk.

{¶ 4} On June 9, 2025, the trial court denied Droco's motion. The trial court found no excusable neglect was shown because of counsel's "misidentification of their client [as the plaintiff] in their motion practice" and counsel's failure to file a change-of-address notice. This appeal followed.

{¶ 5} Under its sole assignment of error, Droco claims the trial court erred by denying its motion. To prevail on its motion, Droco needed to establish "(1) a meritorious claim or defense in the event relief is granted, (2) entitlement to relief under one of the provisions of Civ.R. 60(B)(1) through (5), and (3) timeliness of the motion." *State ex rel. Hatfield v. Miller*, 2023-Ohio-429, ¶ 8, citing *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994). "Failure to meet any one of [these] factors is fatal, as all three factors must be satisfied in order to grant relief." *In re L.D.M.*, 2021-Ohio-1853, ¶ 28 (12th Dist.), citing *Pelton* at 174; *see also Smith v. Hines*, 2023-Ohio-107, ¶ 17 (6th Dist.).

{¶ 6} In this matter, the trial court denied Droco's motion because appellant failed to show excusable neglect, which was Droco's asserted ground for relief. "An appellate court reviews a decision on a Civ.R. 60(B) motion for abuse of discretion." *State ex rel. Jackson v. Ohio Adult Parole Auth.*, 2014-Ohio-2353, ¶ 21, citing *Rose Chevrolet v. Adams*, 36 Ohio St.3d 17, 21 (1988). "The abuse-of-discretion standard extends to the question whether a movant has demonstrated excusable neglect." *Id.* at ¶ 22. "'An abuse of discretion implies an unreasonable,

arbitrary, or unconscionable attitude.'" *State ex rel. Bd. of Edn. v. Lucas Cty. Bd. of Elections*, 2023-Ohio-3286, ¶ 13, quoting *State ex rel. Cooker Restaurant Corp. v. Montgomery Cty. Bd. of Elections*, 80 Ohio St.3d 302, 305 (1997).

{¶ 7} Droco claims that its misidentification should not have impacted the clerk's sending out notice in the matter and that the clerk failed to update counsel's new address despite being notified of the new address. However, it appears from the record that although the second motion for continuance lists a new address under the signature line for counsel, who identified himself as counsel for plaintiff rather than defendant, the docket does not reflect that a notice of change of address was ever filed. "It is well established that a party bears the burden of formally notifying and keeping the trial court informed of any change of address; the clerk is not charged with the duty of perusing the record to ensure that a party's mailing address has not changed." *In re L.D.M.* at ¶ 38, citing *State ex rel. Halder v. Fuerst*, 2008-Ohio-1968, ¶ 6; *see also Smith* at ¶ 23. Also, "'if a party could have controlled or guarded against the happening or event he later seeks to excuse, the neglect is not excusable.'" *In re L.D.M.* at ¶ 41, quoting *Natl. City Bank v. Kessler*, 2003-Ohio-6938, ¶ 14 (10th Dist.).

{¶ 8} In this matter, the docket shows that the clerk mailed notice of the rescheduled small-claims hearing to counsel for Droco, and it does not appear that the notice was returned. Even if, as Droco contends, notice of the continuance of the hearing date to December 4, 2024, was not received, parties to a case have a general duty to check the docket and stay informed about the status of the case. *See*

*Culler v. Marc Glassman, Inc.*, 2014-Ohio-5434, ¶ 17 (8th Dist.); *Landspan Corp. v. Curtis*, 2008-Ohio-6292, ¶ 14 (8th Dist.). Here, it appears that Droco and its counsel allowed the original hearing date to pass without checking the docket and without staying informed of the status of the second motion for continuance and of the hearing date. Contrary to Droco's argument, the trial court did not abuse its discretion in finding excusable neglect had not been shown.

{¶ 9} Accordingly, we find no abuse of discretion by the trial court in denying Droco relief from judgment under Civ.R. 60(B). Though the timeliness of the motion is apparent, we need not address whether Droco properly asserted a meritorious defense. The assignment of error is overruled.

{¶ 10} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

MICHAEL JOHN RYAN, P.J., and
TIMOTHY W. CLARY, J., CONCUR